## TEXSAN SERVICE CO. v. CITY OF NIXON et al.

### No. 11049.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 26, 1941.

Rehearing Denied Jan. 21, 1942.

Miller & Miller, of Gonzales, and Dodson, Ezell & Duke and Brooks, Napier, Brown & Matthews, all of San Antonio, for appellant.

Pat Dougherty, of Austin, and Willis W. Ellison, of Gonzales, for appellees.

NORVELL, Justice.

This is an appeal from an order of dismissal entered after the sustaining of a general demurrer to appellant's second amended original petition. This suit was brought by appellant, Texsan Service Company, against the appellees, City of Nixon and C. W. Arlitt, seeking a perpetual injunction restraining the appellees from carrying out a certain contract with reference to the sale and delivery to Arlitt of certain bonds of the City of Nixon, purportedly issued in pursuance of an election held in the City of Nixon on the 14th day of September, A. D. 1940.

Appellant's second amended petition and exhibits thereto occupy fifty-four pages of the transcript. The material matters set forth in this lengthy pleading are summarized in appellant's brief. It appears that the following allegations or matters as against the demurrer must be taken as true:

(1) That appellant for many years had owned and operated water and sewerage plants in the City of Nixon by virtue of its franchise duly granted by said city and owned by the appellant, and has rendered water and sewerage service to said city.

(2) That appellant is a taxpayer of said city, owning properties of a value substantially in excess of $5,000.

(3) That the number of water consumers and sewerage users in said city is wholly insufficient to support competing plants, and a competing plant would not be constructed by private capital, nor solely from revenue bonds.

(4) That prior to the election of September 14, 1940, the appellant proposed to sell its water and sewerage system to the city on an appraisal to be made by competent and disinterested engineers and to accept in payment thereof revenue bonds secured as provided by law, but said proposals were not accepted by the governing body of said city.

(5) That on the day the election was ordered, the governing body of the city entered into a contract with appellee Arlitt accepting his offer for the purchase of the entire bonds to be issued, both tax and revenue bonds, aggregating $105,000 on both systems.

(6) That there were six propositions submitted at the election held on September 14, 1940, as follows:

1. To issue $15,000 bonds to secure "funds to aid in the construction, purchase, extension and improvement of a waterworks system in and for the city and to levy a tax therefor."

2. To issue $15,000 bonds to secure "funds to aid in the construction, purchase, extension and improvement of a sanitary sewer system and to levy a tax therefor."

3. To issue $15,000 bonds to secure "funds to aid in the construction of a gas system in and for said city and to levy a tax therefor."

4. To issue $40,000 bonds for the purpose of securing "funds to aid in the construction, purchase, extension and improvement of a waterworks system in and for said city, to be issued in accordance with and secured in the manner provided in Arts. 1111–1118, both inclusive, R. S."

5. To issue $10,000 bonds "for the purpose of securing funds for the construction, purchase, extension and improvement of a sanitary sewer system in and for said city, to be issued in accordance with and secured in the manner provided in Arts. 1111–1118, R. S."

6. To issue bonds in the sum of $10,000 to secure "funds to aid in the construction of a gas system in and for said city, to be issued in accordance with and secured in the manner provided in Articles 1111–1118, R. S."

(7) That all six propositions were carried at the election, and thereafter the governing body of the city, purportedly acting under the authority granted by the election mentioned, by ordinance directed the issuance of $30,000 waterworks and sewer bonds to be paid off and retired by a tax levied for that purpose. The governing body of the city also authorized the issuance of $50,000 waterworks and sewer revenue bonds to be secured by and retired out of the revenues derived from the operation of a waterworks and sewer system.

(8) That the governing body of the city provided in the ordinance issuing the bonds that said water and sewer system should not be encumbered, sold or leased, and that no part of said system should be encumbered, sold or leased for a period of twenty-five years from the date of the bonds.

Throughout the stricken petition appear allegations relating to the hidden motives of members of the City Commission, which is the governing body of the City of Nixon, that is, it is directly alleged that some action was taken to accomplish a given purpose, without alleging the commission of overt acts by the commission from which it could be inferred that an improper purpose was contemplated and would be accomplished, unless an injunction issue. For instance, it is alleged that said City Commission at the time it submitted the various propositions above set out to a vote of the people, intended to merge or combine the various bond issues, if the propositions relating thereto carried at the election, into one or more issues and expend the monies realized through the sale of said bonds in any manner they

saw fit, rather than in accordance with the allocation made by the provisions of the propositions voted upon in the election. Further, it is alleged that although the propositions submitted called for constructing, purchasing, extending and improving waterworks and sewer plants, the City Commission had the undisclosed intention of not purchasing the existing water and sewer systems and to exercise no good faith discretion in an attempt to purchase same, and for that reason the propositions submitted were misleading, and in a sense resulted in a fraud being practiced upon the voters of the City of Nixon.

■ Allegations of this nature, relating to undisclosed or hidden motives of the members of the City Commission, do not aid the petition, and for that reason will not be further noticed by us. The case of Nalle v. City of Austin, 85 Tex. 520, 22 S.W. 668, 960, opinion by Judge Gaines, is in point and controlling in this particular.

Appellant's first and second points present the contention that injunction should issue because the governing body of the city combined the two tax bond issues of $15,000 each, authorized by the election, into one combined issue of $30,000 waterworks and sewer bonds. Likewise said body combined the authorized revenue bond issues of $40,000 and $10,000 into one issue of $50,000 waterworks and sewer system revenue bonds.

■ "It is elementary that the proceeds of bonds voted by the people must be expended for the purposes for which they were voted." Lewis v. City of Fort Worth, 126 Tex. 458, 89 S.W.2d 975, 978. By virtue of the election above mentioned, the governing body of the City of Nixon would have the proceeds of $15,000 in tax bonds and $40,000 in revenue bonds available for the construction, purchase, extension and improvement of a waterworks system, and the proceeds of $15,000 in tax bonds and $10,000 in revenue bonds likewise available for sewer purposes. The mere fact that one instead of two issues of bonds were authorized by the governing body of the city does not raise a presumption, nor can we anticipate, that said body will unlawfully divert the proceeds for said bond issues from their authorized object or purpose. Unless an illegal diversion of said funds be assumed, no injury to a taxpayer or to appellant is shown. The combination of the issues of said bonds does not increase the burden of the taxpayer, or in any way change or modify his obligation to pay. We conclude that there is no equity in appellant's contention and its first and second points are overruled.

■ We overrule appellant's third, fourth and fifth points, wherein it is contended that the propositions submitted to the voters were misleading and confusing. In Simpson v. City of Nacogdoches, Tex. Civ.App., 152 S.W. 858, 862, the Court held that it was permissible to submit "as one proposition the question of issuing bonds for the purpose of 'purchasing and constructing an electric light plant for said city.' * * * Under the proposition submitted, the voter who cast his vote in favor of the bonds must have understood that by so voting he left it to the judgment of the council whether the bonds should be used for purchasing or constructing a light plant, or for both purposes."

■ The contention that the existence of an undisclosed intention on the part of the members of the City Commission to construct waterworks and sewage plants rather than conduct good-faith negotiations for the purchase of appellant's plant renders the adoption of the propositions voted upon at the election invalid, is overruled for the reasons hereinabove stated.

By its sixth, seventh, and eighth points, appellant contends that an injunction should issue because the bond ordinance provided that the city would in no event mortgage or otherwise encumber the waterworks or sewer systems purchased or constructed from the proceeds of the bonds involved, or sell, lease or otherwise dispose of any substantial portion of the system as long as said bonds were outstanding. Appellant insists that a restrictive agreement, such as that here involved, is contrary to express statutory provisions and is unauthorized by the vote of September 14, 1940.

■ We do not believe it necessary to pass upon the validity vel non of this particular covenant contained in the ordinance, for if its invalidity be conceded we have nothing more than an unenforcible covenant contained in an agreement between the city and the holder of its bonds; said agreement being evidenced by the bond and the bond ordinance. It has been held that the fact that municipal bonds were void did not entitle a taxpayer to an injunction. This

holding is based upon the theory that the taxpayer can not be injured by the issuance or negotiation of a bond issued without authority of law. Womack v. City of West University Place, Tex.Civ.App., 32 S.W.2d 930. Here we have an assertedly void covenant under which rights may or may not be asserted in the future. If certain alleged rights should be asserted in the future under said covenant, its invalidity, if it be invalid, can be as well asserted then as now. Any expression of opinion made by us in this suit as to the validity of the questioned covenant would be purely anticipatory. In our opinion, the issuance and delivery of the bonds involved under an ordinance containing the covenant here questioned could in no way legally injure appellant as a taxpayer or as the owner of a public utility operating in the City of Nixon. In the absence of a showing of probable injury, an injunction will not issue. Appellant's points raising the above contention are overruled.

Appellant's ninth and tenth points are deemed without merit and are overruled. They raise the contention that an injunction should issue because members of the City Commission before the election had the then intention of combining the bond issues in the manner heretofore set out should the submitted propositions carry at the election, and that the propositions submitted were misleading in that they failed to inform the voters of the then purpose of the commission to prohibit by ordinance the city from encumbering or selling the waterworks or sewer system acquired by it. This contention has in effect been disposed of by what has been said heretofore and further comment is pretermitted here.

 Under the provisions of Article 823, Vernon's Annotated Civil Statutes, a city or town is authorized to issue coupon bonds, payable from the proceeds of a tax levy for the purpose of the construction or purchase of public buildings, waterworks, sewers and other permanent improvements. Article 1111, Vernon's Ann.Civ.Stats., authorizes cities and towns to build and purchase, to mortgage and encumber their light systems, water systems and sewer systems, the franchise and income thereof, in order to secure funds to purchase said systems, or build, improve, enlarge or repair the same. Such cities and towns may issue bonds, notes or warrants to evidence

an obligation which is not a debt of the city or town, but a charge upon the properties (or income thereof) of the city encumbered in accordance with the provisions of the article. The evidences of these obligations or charges are generally referred to as revenue bonds to distinguish them from municipal obligations payable from the proceeds of taxation.

It seems to us that the statutory provisions referred to empower a city or town to acquire waterworks or sewage facilities by means of funds realized from the sale of tax bonds, or the sale of revenue bonds— or from proceeds realized from the sale of both types of bonds in such proportions as may be authorized by a vote of the people at a proper election. Neither method of financing is necessarily exclusive of the other. Andrus v. Crystal City, Tex.Com. App., 265 S.W. 550. Appellant's eleventh and twelfth points are overruled.

Appellant's thirteenth and fourteenth points are overruled upon authority of Nalle v. City of Austin, 85 Tex. 520, 22 S.W. 668, 960, for the reasons stated in the forepart of this opinion.

What has been said disposes of all of appellant's points on appeal, and as no reversible error is shown the judgment of the trial court is affirmed.

### On Motion for Rehearing.

 We are unable to agree with appellant's contention that Article 1114a, Vernon's Ann.Civ.Stats., prohibits the simultaneous issuance of tax bonds and revenue bonds for the purposes disclosed by the propositions voted upon at the election of September 14, 1940.

This article adopted by the Forty-third Legislature in 1933 reads as follows: "Projects financed in accordance with this law are hereby declared to be self liquidating in character and supported by charges other than by taxation."

This article is apparently a legislative declaration relating to the eligibility for purchase of securities issued under Article 1111 et seq., Vernon's Ann.Civ.Stats., in accordance with the provisions of the Emergency Relief and Construction Act of 1932. See 15 U.S.C.A. § 605b.

We adhere to our holdings heretofore expressed and overrule appellant's motion for rehearing.