## GLIMPSE et al. v. BEXAR COUNTY et al.

### No. 11171.

Court of Civil Appeals of Texas. San Antonio.

April 1, 1942.

Rehearing Denied April 15, 1942.

Henry F. Holland, of San Antonio, for appellants.

John R. Shook, T. H. Ridgeway, and Johnson & Rogers, all of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order dismissing appellants' suit for injunction. Prior to the dismissal, the trial court sustained a plea of misjoinder and that part of the petition seeking to enjoin a levy of a tax was severed from this suit. No complaint is made of this action. Appellees' plea in abatement, as well as a number of special exceptions, were then sustained and, upon appellants' refusal to amend, the cause was dismissed.

We are of the opinion that the bill disclosed a want of equity and consequently an order of dismissal was proper.

As an estimation of two principal contentions advanced by appellants and hereinafter noticed is determinative of the case, a detailed discussion of the plea and exceptions involved is unnecessary.

Appellants, F. B. Glimpse and others, sought to restrain the County of Bexar and the members of its Commissioners' Court from proceeding further with the issuance or sale of certain bonds authorized by an election held on November 5, 1940. The bond issue was for the sum of $285,000, and voted for the purpose of "enlarging and expanding the facilities of the tubercular colony of the Robert B. Green Memorial Hospital." Appellants also prayed that a certain order of the Commissioners' Court of March 15, 1941, be set aside.

It was alleged in the petition that at the time the Commissioners' Court ordered an election upon the question of whether or not the hospital bonds should be voted, the County, because of a lack of funds, was not operating a then existent thirty-bed ward which was equipped and designed for use by tuberculosis patients. Although the petition shows that there are an estimated 4000 persons in Bexar County suffering from tuberculosis, it is argued that the Commissioners' Court of said county could not legally find "that the existing hospital facilities of Bexar County are inadequate, unless and until all existing and available hospital facilities are placed in use, used and found to be inadequate."

Article 4478, Vernon's Ann.Civ.Statutes, provides in part that: "The commissioners court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from

any illness, disease or injury, subject to the provisions of this chapter. * * *"

The order for the bond election was passed by the Bexar County Commissioners' Court under authority of Article 4493, a part of Chapter 5, Title 71, Vernon's Ann.Civ.Stats., which is set out in the margin.[1]

This order is necessarily based upon a finding that the then existing hospital facilities for the treatment of tuberculosis patients were inadequate.

█ The finding of inadequacy has substantial support in the facts pleaded by appellants. There being 4000 cases of tuberculosis in Bexar County and there being only seventy-three beds available for the treatment of those affected with the disease, according to the petition, we can not say that the finding of the Commissioners' Court was even erroneous, much less that it constituted an abuse of discretion.

Further, the matter passed upon by the Commissioners' Court was one involving available facilities on one hand, as compared with the need on the other. Certainly, we would be unauthorized to overturn a solemn conclusion of fact resolved by the governing body of the county, and to hold that the same constituted an abuse of discretion upon a showing that the county for some reason had failed to make the greatest possible use of existing facilities. Appellants' contention upon this point is without merit and overruled. Nalle v. City of Austin, 85 Tex. 520, 22 S.W.

668, 960; Lamm v. Chambers, Tex.Civ. App., 18 S.W.2d 212.

According to the petition, the Commissioners' Court of Bexar County, on March 15, 1941, directed the issuance of the bonds voted by the electors on November 5, 1940. In connection with this order, appellants plead that the Commissioners' Court sought and secured an advisory opinion from the Attorney General wherein said Court was advised that in the opinion of the Attorney General it was the mandatory duty of the Court to issue the bonds authorized by the election of November 5, 1940.

It is now urged that the advice of the Attorney General was wrong; that the issuance of the bonds was a discretionary matter with the Court; that, however, the members of the Commissioners' Court did follow the advice of the Attorney General and exercised no discretion, but voted for the issuance of the bonds against their better judgment. Upon this stated theory the District Court was requested to nullify the bond order of the Commissioners' Court.

█ It certainly can not be said that an action taken after consultation with the Attorney General can be considered arbitrary for the reason that such action was in accordance with the advice received from him. In fact, the contrary is seemingly indicated. The Attorney General is an executive officer of the State and his opinions are advisory in nature. And although such opinion may properly have been a highly persuasive factor in deter-

[1] "Art. 4493. Adequate facilities. Where no county hospital is now provided for the purpose aforesaid, or where such provision is inadequate, the commissioners court of each county which may have a city with a population of more than ten thousand persons, within six months from the time when such city shall have attained such population, such population to be ascertained by such court in such manner as may be determined upon resolution thereof, shall provide for the erection of such county hospital or hospitals as may be necessary for that purpose, and provide therein a room or rooms, or ward or wards for the care of confinement cases, and a room or rooms or ward or wards for the temporary care of persons suffering from mental or nervous disease, and also make provision in separate buildings for patients suffering from tuberculosis and other communicable diseases, and from time to time add thereto accommodations sufficient to take care of the patients of the county. This time may be extended by the State Board of Health for good cause shown. Unless adequate funds for the building of said hospital can be derived from current funds of the county available for such purpose, issuance of county warrants and script, the commissioners court shall submit, either at a special election called for the purpose, or at a regular election, the proposition of the issuance of county bonds for the purpose of building such hospital. If the proposition shall fail to receive a majority vote at such election said court may be required thereafter at intervals of not less than twelve months, upon petition of ten per cent of the qualified voters of said county, to submit said proposition until same shall receive the requisite vote authorizing the issuance of the bonds."

mining the action taken, the judicial inquiry is not concerned with the mentations of the members of an executive body in determining the advisability of entering a certain order. In fact evidence relating thereto is legally ineffective as a matter of substantive law to impeach or abrogate an order of a Commissioners' Court duly adopted. Nalle v. City of Austin, supra; Texsan Service Co. v. City of Nixon, Tex. Civ.App., 158 S.W.2d 88, writ refused.

We hold that in the absence of fraud an order of a Commissioners' Court can not be set aside as resulting from an abuse of discretion, solely upon a showing that the members of the Court received advice, legal or otherwise, relating to the advisability of adopting the order; that they acted upon such advice, and that except for such advice a different action would have been taken. The chaos and confusion which would result from the adoption of a contrary rule is believed obvious.

As the petition fails to allege pertinent facts disclosing that the Commissioners' Court of Bexar County acted arbitrarily or abused its discretion in adopting the order of March 15, 1941, appellants' second contention is overruled.

And no reversible error being shown, the judgment of the trial court is affirmed.