

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 18, 1948

Hon. Franklin C. Williams
County Attorney
Anderson County
Palestine, Texas

Opinion No. V-610

Re: The authority to erect and
maintain a county hospital
with additional buildings.

Dear Sir:

Your request for an opinion of this office is substantially as follows:

"Anderson County contemplates the voting and issuance of bonds to the amount of $600,000.00 for the purpose of establishing and maintaining a county hospital with the main hospital building located at Palestine, Texas, and small branch hospitals at Elkhart, Texas, and at Frankston, Texas, all under the management of one board of managers appointed by the commissioners' court to manage said hospital. Elkhart, Texas, and Frankston, Texas, each have a population of less than 5,000. I have been requested to ask for an opinion from your department stating whether or not a bond issue may be voted for this purpose. If a bond issue may not be voted for such purpose, may a bond issue be voted for three separate county hospitals in Anderson County, each of which will have a separate board of managers appointed by the commissioners court. . ."

"The hospital or hospitals which Anderson County proposes to establish will not be operated in connection with the County Poorhouse."

Article 4478, V. C. S., reads, in part, as follows:

"The commissioners court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:. . .

"2. To purchase or erect all necessary buildings, make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital. The plans for such erection, alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court . . . '

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid. . . . "

Article 4493, V. C. S., is as follows:

"Where no county hospital is now provided for the purpose aforesaid, or where such provision is inadequate, the commissioners court of each county which may have a city with a population of more than ten thousand persons, within six months from the time when such city shall have attained such population, such population to be ascertained by such court in such manner as may be determined upon resolution thereof, shall provide for the erection of such county hospital or hospitals as may be necessary for that purpose, and provide therein a room, or rooms, or ward or wards for the care of confinement cases, and a room or rooms or ward or wards for the temporary care of persons suffering from mental or nervous disease, and also make provision in separate buildings for patients suffering from tuberculosis and other communicable diseases, and from time to time add thereto accommodations sufficient to take care of the patients of the county. This time may be extended by the State Board of Health for good cause shown. Unless adequate funds for the building of said hospital can be derived from current funds of the county available for such purpose, issuance of county warrants and script, the commissioners court shall submit, either at a special election called for the purpose, or at a regular election, the proposition of the issuance of county bonds for the purpose of building such hospital. If the proposition shall fail to receive a majority vote at such election said court may be required thereafter at intervals of not less than twelve months, upon petition of ten per cent of the qualified voters of said county, to submit said proposition until same shall receive the requisite vote authorizing the issuance of the bonds."

The Attorney General has consistently held that unqualified general power is conferred upon the Commissioners' Court to establish and to enlarge hospitals for county purposes.

Although certain portions of the Act (Acts 1913, 33rd Leg.,

Ch. 39, p. 71) which is now Art. 4478, et seq. appear vague, nevertheless the court in Glimpse v. Bexar County, 160 S.W. (2d) 996, cited with approval Art. 4493. Inasmuch as Art. 4478 provides for the establishment of a hospital subject to the provisions of this chapter, it is our opinion that the provisions of the Act, particularly Art. 4493, are sufficiently broad in scope to furnish authority for Anderson County to establish a county hospital at Palestine with additional buildings at Elk-hart and Frankston provided the county has the taxing power to warrant the issuance of bonds. The Act when considered as a whole reflects an intent on the part of the Legislature to furnish authority for the establishment of a hospital with additional buildings to be located in the discretion of the Commissioners' Court of said county. This is further evidenced by the language in Art. 4493 which states:

> "Where no county hospital is now provided
> for the purpose aforesaid or where such pro-
> vision is inadequate the Commissioners Court
> shall provide for the erection of such county
> hospital or hospitals."

When a statute is passed as a whole and not in parts or sections, it is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to one section. (Sutherland, Statutory construction, Vol. 2, p. 336; Ellis County v. Thompson, 95 Tex. 22, 64 S.W. 927). We believe that the Act taken as a whole furnishes sufficient authority for the establishment of such a hospital as you have indicated. The authority for the establishment is entirely different from the manner of administration.

Article 4479, V. C. S., provides, in part, as follows:

> "When the commissioners court shall have
> acquired a site for such hospital and shall have
> awarded contracts for the necessary buildings
> and improvements thereon, it shall appoint six
> resident property tax-paying citizens of the
> county who shall constitute a board of managers
> of said hospital. The term of office of each mem-
> ber of said board shall be two years, except that
> in making the first appointments after this Act
> takes effect three members shall be appointed for
> one year and three members for two years so that

thereafter three members of said board will
be appointed every two years . . ."

It is our opinion that Art. 4479 contemplates the appointment of only one board of managers for a county hospital. Inasmuch as you state in your opinion request that you contemplate the establishment of the county hospital at Palestine with additional buildings at Elkhart and Frankston, it is our opinion that one board of managers should be appointed for such hospital.

Bonds cannot be voted for "maintaining" a county hospital but they are expressly authorized "for the establishing, enlarging and equipping of said hospital and for all necessary permanent improvements in connection therewith." Art. 4478, supra. Provision for location of the buildings is not a necessary part of the bond transcript.

Our answer to your first question makes it unnecessary to answer your second question.

### SUMMARY

Anderson County is authorized to vote bonds
under Article 4478, et seq., for the purpose of
"establishing. . . and equipping a county hospital." If the election carries, then the Commissioners' Court, in the exercise of its discretion, may establish such hospital at Palestine with additional buildings at Elkhart and Frankston. Said hospitals should operate under one board of managers, Art. 4479, V. C. S.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:mw:vmb

APPROVED:

ATTORNEY GENERAL