**MAGNOLIA PETROLEUM COMPANY**
et al., Appellants,

v.

**JACKSON COUNTY WATER CONTROL
AND IMPROVEMENT DISTRICT
NO. 1 et al., Appellees.**

No. 12983.

Court of Civil Appeals of Texas.

Galveston.

April 19, 1956.

Rehearing Denied May 17, 1956.

Sam H. Field, Dallas, Cullen B. Vance, Edna, of counsel, for appellants.

Shapiro & Corman, Houston, David C. Whitlow, Edna, of counsel, for appellees.

GANNON, Justice.

This is an election contest. Appellants, who were contestants below, correctly state the nature and result of the suit as follows:

"This is an election contest suit brought by Magnolia Petroleum Company and Edward J. Holmes as Contestants against Jackson County Water Control and Improvement District No. 1 and the five (5) members of the Board of Directors of said district as Contestees, contesting an election that was held on June 18, 1955 at which the Appellee District voted One Hundred Thousand Dollars ($100,000.00) in Bonds for the construction of a water and improvement system for the village of

Lolita, Texas. The Appellees' Motion for Summary Judgment was granted and it is from this decree that Appellants' present this appeal."

It further appears from appellants' brief that "By an election held on June 18, 1955, the Appellee District was authorized to issue water district improvement bonds in the sum of One Hundred Thousand Dollars ($100,000.00). The Appellants timely gave notice of the election contest in compliance with V.A.T.S. Election Code, Art. 9.03 and on July 22, 1955, filed an election contest suit."

In the trial court appellants based their contest on four grounds. However in this Court they abandon all but one of such grounds. Abandonment of two of appellants' grounds of contest is made in the brief; announcement of the abandonment of a third of appellants' grounds of contest was made in the oral argument. This leaves before us as the sole question to be decided on this appeal whether the allegations of the petition substantially to the following effect as stated in appellants' brief, set up a supportable ground to form the basis of a statutory election contest, to-wit:

"3. The entire proposed bond issue and the election authorizing the issuance of said bonds were wholly void in that a large portion of said One Hundred Thousand Dollars ($100,000.00) represents the purchase price for the acquisition and installation of a fire fighting system for the village of Lolita, Texas, including a system of water mains, fire hydrants and other equipment and apparatus used exclusively for fire fighting and fire prevention."

In the trial court, all allegations of the petition under which appellants sought to show as a grounds for voiding the election that a large portion of the proceeds of the bond issue was to be used for the acquisition and installation of fire fighting equipment were excepted to by contestees on the ground that such allegations stated no legal basis for contesting the election. Such exceptions were sustained by the trial court, as was a motion for summary judg-

ment in the nature of a general demurrer which contestees filed and presented along with their exceptions.

It appears from the order of the trial court denying appellants' motion for findings of fact and conclusions of law that the trial court's judgment in favor of contestees was "based on defendants' special exceptions to the plaintiffs' petition and also on defendants' motion for a summary judgment."

We sustain the judgment of the trial court.

■ An election contest is not, properly speaking, a judicial proceeding. Such jurisdiction as the courts are authorized to entertain in determining such contests rests solely upon the Constitution as implemented by the Election Code. Therefore, elections may be contested only upon some one or more of the grounds expressly or impliedly authorized by the Election Code. Such grounds have been summarized in 15B Tex.Jur., Elections, Sec. 150, as follows:

"§ 150. In General.—An election contest is a special proceeding, not a civil action, and it is authorized only by constitutional provision and an enabling act; hence the courts are deemed to be limited in their investigation in a contest to such subjects as are specified by the statutes. A contest must be based on some ground specified in the code. The acts or conduct in the particular case must be such as tends to show that the election was improperly ordered as to form, or that illegal votes were cast, or that the election was not fairly conducted, or something similar."

Cited in support of the text, among other cases, are: Bassel v. Shanklin, Tex.Civ. App.1916, 183 S.W. 105; McCall v. Lewis, Tex.Civ.App.1924, 263 S.W. 325; Ladd v. Yett, Tex.Civ.App.1925, 273 S.W. 1006; Warren v. Robinson, Tex.Civ.App.1930, 32 S.W.2d 871. We consider Ladd v. Yett, supra, the most nearly in point. There a charter amendment election of the City of Austin was contested on the grounds, among others, that the council was with-

out authority to submit the amendments because they had not been framed by a charter commission and because the power of the council to submit charter amendment propositions did not extend to repealing propositions and because the council was without power to submit propositions containing more than one subject. The court cited numerous authorities holding election contests to be special statutory proceedings and that courts are limited in such contests to investigation of such subjects as are specified in the statutes. The court cited McCall v. Lewis for "the conclusion that the statutes relating to election contests [do] not authorize a contest on the ground that the law under which the election was held was void, or that it did not authorize such an election as was held, but that it could be contested only for some statutory reason, showing that it was not properly or fairly conducted, or that illegal votes were cast, or for some other matter *impeaching the fairness of the result declared.*" (Emphasis added.) In Ladd v. Yett, the court declared that the basis of election contests did not embrace any of the several grounds above referred to. Border v. Abell, Tex.Civ.App., 111 S.W.2d 1186, by this Court, opinion by Justice Graves, is in accord.

■ Appellants do not direct us to, nor have we been able to, locate any provision in the Election Code which would authorize an election to be contested upon the ground as alleged by appellants that the proceeds of bonds voted at a water control and improvement district election are to be used for ultra vires purposes.

Appellants cite two cases: Dickson v. Strickland, 1924, 114 Tex. 176, 265 S.W. 1012, and Deason v. Orange County Water Control & Improvement District No. 1, 1952, 151 Tex. 29, 244 S.W.2d 981. We do not think that either of these authorities supports appellants' position. Dickson v. Strickland is, in our opinion, clearly inapplicable. Deason v. Orange County Water Control and Improvement District # 1 is to be distinguished on the ground that it was an injunction suit, not a statutory election contest. There plaintiffs were granted an injunction restraining the district from issuing and selling improvement bonds theretofore voted because the proceeds were to be used to purchase, own and operate fire fighting equipment, a purpose not authorized by the constitutional provisions under which the district was created. In 15B Tex.Jur., Elections, Sec. 204, referring to injunction suits arising out of elections it is said, "The grounds upon which the injunction will lie must be such as are not applicable in an election contest, the court being without power to grant the writ on grounds which are cognizable in an election contest." It would appear from the foregoing text and cases cited in its support that the Deason case is implied authority for the proposition that an election contest may not be supported on the ground that water control and improvement districts have voted bonds for an ultra vires purpose, since in the Deason case the plaintiffs obtained injunctive relief on such ground. Had the facts on which the injunction was granted been available to Deason et al. as grounds for contesting the election at which the issuance of the bonds was voted, equity would have been without jurisdiction.

It has been made to appear by a motion filed by appellees to dismiss the appeal that subsequent to the judgment of the trial court in the election contest appellants filed an injunction suit to restrain the issuance of bonds voted in the disputed election and that such suit has been tried on the merits and determined adversely to appellants. By their motion to dismiss, appellees claim that the judgment in the injunction suit is res judicata of the appeal in the election contest and that because of such judgment the only issue in the election contest is now moot.

■ It does not appear from the motion filed by appellees that the judgment in the injunction suit has now become final and non-appealable. For this reason, we doubt that such judgment may be made the basis of res judicata. We further doubt our right to entertain original jurisdiction of

such a plea; however, from what has been said above, it is clear, we think, that nothing determined in the injunction suit may properly be said to be res judicata of any issue in the election contest since equity has no jurisdiction of issues properly triable in a statutory election contest.

The motion to dismiss is overruled.

Affirmed.