Alan COHEN, Appellant,

v.

**CLEAR LAKE CITY WATER AUTHORITY, et al.,**
Appellee.

No. C14–84–431CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 1985.

John D. Parker, Ross, Griggs & Harrison, Houston, for appellant.

William E. Schweinle, Jr. and Mary Therese Ruffing, Leonard, Koehn & Hurt, Bellaire, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant/Contestant brought suit in the form of an election contest against Appellees/Contestees, the Clear Lake City Water Authority ("Water Authority") and its officers and directors, seeking to have declared null and void a bond election held on September 24, 1983. On September 24, 1983, the Water Authority held a bond election for the stated purpose of financing expansion of water and sewage facilities. On October 23, 1983, Appellant filed his Original Petition contesting the bond election, claiming certain irregularities took place throughout the election process which made it impossible to ascertain the true results of the election. In March 1984, Appellees filed their motion for summary judgment, contending that (1) the matters complained of by Appellant were not properly the subject of an election contest and (2) there was no genuine issue as to any material fact to be tried and Appellees were entitled to judgment as a matter of law. In April 1984, Appellant filed a response and a cross-motion for summary judgment. After hearing both motions jointly, the trial court entered summary judgment in favor of Appellees. Appellant has duly perfected this appeal. We affirm.

Before addressing each of Appellant's points of error individually, it is necessary for this Court to first determine whether the grounds contained in Appellant's Notice of Intent to Contest Election are in fact within the scope of inquiry of an election contest. It is well settled in Texas that an election contest is a legislative proceeding and not an ordinary civil suit. *De Shazo v. Webb*, 131 Tex. 108, 113 S.W.2d 519 (1938); *Gonzalez v. Rodriguez*, 250 S.W.2d 253 (Tex.Civ.App.—San Antonio 1952, no writ). Therefore, a court's jurisdiction in an election contest is limited to such subjects or grounds of contest as are expressly or impliedly authorized by the Election Code. *Ortiz v. Thompson*, 604 S.W.2d 443, 447 (Tex.Civ.App.—Waco 1980, no writ); *Stelzer v. Huddleston*, 526 S.W.2d 710, 714 (Tex.Civ.App.—Tyler 1975, writ dism'd); *Magnolia Petroleum Company v. Jackson County Water Control and Improvement District No. 1*, 290 S.W.2d 310, 311–12 (Tex.Civ.App.—Galveston 1956, no writ).

TEX.ELEC.CODE ANN. art. 9.15 (Vernon 1967) provides:

If it appears on the trial of any contest ... that it is impossible to ascertain the true result of the election ..., either from the returns of the election or from any evidence within reach or from the returns considered in connection with other evidence ..., the court shall adjudge such election void....

Article 9.30 of the Texas Election Code extends the provisions of Article 9.15 to all contested elections.

■ While Appellee cites us to cases holding that an election contest pertains only to matters occurring on the day of the election, we believe the better rule is that an election contest is meant to include any type of suit in which the validity of an election or any part of the elective process is made the subject matter of the litigation. In *Dickson v. Strickland*, 114 Tex. 176, 265 S.W. 1012 (1924), the Texas Supreme Court addressed the question of what matters constitute an election contest, stating:

An election contest necessarily involves questions of both fact and law. It may be predicated upon a status or upon facts which existed before an election, upon what took place at the election, and perhaps in some instances upon a status or what took place after an election.

*Id.* at 1018. The court further stated that an election is "not a single event, but a process, and that the entire process is subject to contest." A review of the cases reveals that this rule has been followed in other courts of this State. *See Turner v. Lewie*, 201 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1947, writ dism'd); *Rawson v. Brownsboro Independent School District*, 263 S.W.2d 578 (Tex.Civ.App.—Dallas 1953, writ ref'd n.r.e.); *Weinberg v. Molder*, 312 S.W.2d 393 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.); *Kennedy v. Burnet Independent School District*, 474 S.W.2d 742 (Tex. Civ.App.—Austin 1971, no writ); *Roberts v. Brownsboro Independent School District*, 575 S.W.2d 371 (Tex.Civ.App.—Tyler 1978, writ dism'd). Having decided that this court has jurisdiction over matters occurring prior to election day which may have

affected the election, we will now address Appellant's points of error.

■ In his first point of error, Appellant contends the trial court erred in granting Appellees' motion for summary judgment because Appellees used the election as a "subterfuge" for the enactment of zoning regulations. He argues that the disparity between the election notices published in two area newspapers, and the explanation of purpose and effect of the bond election contained in a newsletter mailed only to those registered voters in the Water Authority's jurisdiction who actually received water and sewage bills, is such that subterfuge and/or fraud in the conduct of the election was established as a matter of law, or, at the least, a fact issue was created, precluding summary judgment for Appellees. Appellees contend that while Appellant's pleadings contain allegations that the election was held as a subterfuge for zoning, the pleadings contain no reference to fraud, and Appellant's attempt to use the two terms interchangeably on appeal is without merit. We do not feel it is necessary to determine whether the terms are synonymous. In either case, there is no evidence in the record to support Appellant's allegations. In support of his contention, Appellant argues that excerpts from a deposition of the Water Authority's general manager (which was taken during the course of pending litigation in federal court) and the newsletter published by the Water Authority prior to the election raise a fact issue of subterfuge and/or fraud in the conduct of the election. We disagree. While a more extensive discussion of the side results of the bond election, i.e. the 87.5%/12.5% ratio of single-family versus multi-family residences for sewage treatment capacity, is contained in the Water Authority's newsletter, we do not believe the failure to include all of this information in the official notice of election is evidence of subterfuge or fraud. The notice of election contains at least three references to the fact that approximately 87.5 percent of the net residential acreage to be served by facilities constructed with the proceeds of the bonds would consist of single-family

residences. Despite the fact that no reference is made in the notice to any "ulterior motive" by the Water Authority in establishing the allocation ratio, we are not persuaded that such omission would support Appellant's contentions. *See City of Roma v. Gonzalez*, 397 S.W.2d 943, 946 (Tex.Civ. App.—San Antonio 1965, writ ref'd n.r.e.). We overrule point of error one.

In point of error two, Appellant contends the trial court erred in granting Appellees' motion for summary judgment because, as a matter of law, there was inadequate notice of the election, or, in the alternative, there are material fact issues regarding the adequacy of the notice. We disagree. In a bond election, TEX.WATER CODE ANN. § 51.412 controls with regard to matters to be included in the notice of election. They are:

(1) maximum amount of bonds to be issued;

(2) proposed maximum interest rate;

(3) maximum maturity date;

(4) time and place for holding the election;

(5) *a substantial statement of the proposition;*

(6) a summary of the engineer's estimate of the cost of the proposed improvements; and

(7) a statement of any estimate or estimates made by the board in its order calling the election.

The character, features, and purposes of the proposed bond election should be set out in sufficient detail in the proposition in order to familiarize voters with the proposal. *Moore v. City of Corpus Christi*, 542 S.W.2d 720, 723 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The standard of review for official election notices is substantial compliance with the law requiring the notice. *Greater Beauxart Garden Municipal Utility District v. Cormier*, 596 S.W.2d 597, 601 (Tex.Civ.App.— Beaumont 1980, no writt); *Christy v. Williams*, 292 S.W.2d 348, 350 (Tex.Civ.App.— Galveston 1956, writ dism'd w.o.j.). In our opinion, Appellees have substantially complied with § 51.412 of the Water Code. However, even were we to support Appellant's contention that the notice requirements of *both* Sections 51.222 and 51.412 must be complied with when a water authority conducts a bond election, our position would remain unchanged. Section 51.-222 of the Water Code requires that the *purpose* of the election be set forth in the election notice. The official notice of the bond election in issue states that the bonds were to be issued "for the purpose of the purchase, acquisition and construction of works, improvements, facilities, plants, equipment, and appliances for the Authority's waterworks, sewer and drainage systems and additions, extensions and improvements...." We believe this to be a sufficient statement of the purpose of the election, pursuant to Section 51.222. We overrule point of error two.

In points of error three and four, Appellant contends the trial court erred in granting Appellees' motion for summary judgment because one effect of the election was to enact zoning which was outside the Water Authority's scope of authority. Appellant is correct in stating that the allocation ratio for sewage facilities set out in the election notice would be unenforceable and subject to injunction upon any attempt to use bond funds to impose such a ratio. That issue will be resolved when and if Appellee attempts to enforce a zoning restriction. It is undisputed that zoning is an ultra vires function for a water control and improvement district. *See Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann*, 135 Tex. 280, 142 S.W.2d 945 (1940); TEX.REV.CIV.STAT.ANN. art. 1011a (Vernon Supp.1984); TEX.WATER CODE ANN. § 51.122 (Vernon 1972). However, the 87.5%/12.5% sewage allocation ratio is only a resulting part of the overall bond issue. The principal purpose set out in the bond proposal, i.e. to purchase, acquire and construct "works, improvements, facilities, plants, equipment, and appliances for the Authority's waterworks, sewer and drainage systems and additions," is, in fact, a lawful purpose. As

a result, we are unable to support Appellant's contention that the election must be voided. *See Nalle v. City of Austin,* 85 Tex. 520, 22 S.W. 668 (1893); *City of Roma v. Gonzalez,* 397 S.W.2d at 945. We overrule Appellant's third and fourth points of error.

■ In his fifth point of error, Appellant contends the trial court erred in refusing to admit into evidence: (1) excerpts from the deposition of Frank Burnett, general Manager of the Water Authority and (2) the Water Authority's newsletter pertaining to the election at issue. Whether or not these exhibits should have been admitted into evidence is a matter we need not decide. After a careful review of the deposition excerpts and newsletter, we find nothing contained therein which, by its omission, caused the rendition of an improper judgment. TEX.R.CIV.P. 434. We overrule point of error five.

The judgment of the trial court is affirmed.