Barry CURTIS, Michael A. Claunch, and Brenda B. Neil Plaintiffs

v.

Marion A. "Bid" SMITH, in his official capacity as Tax Assessor–Collector for Polk County, Texas Defendant

No. CIV.A. 9:00–CV–241.

United States District Court, E.D. Texas, Lufkin Division.

June 4, 2001.

Larry Parish York, Mary Frances Keller, Baker & Botts, Austin, TX, for Plaintiff.

Robert Thrane Bass, Allison Bass & Associates, Austin, TX, for Defendant Smith.

Randall B. Wood, Ray Wood & Fine, Austin, TX, for Intervenors Howard Daniel Jr., Tiffany Jones, and Jerry Don Marsh.

Before ROBERT M. PARKER, Circuit Judge, and SCHELL and COBB, District Judges.

815

## MEMORANDUM OPINION
## AND ORDER

COBB, District Judge.

Before us is the Plaintiffs' Motion for Preliminary Injunction seeking to enjoin a Texas state court proceeding. On May 23, 2001, the Court entered a Temporary Restraining Order preventing the state court from proceeding in an election contest, pending a hearing on the plaintiffs' motion. Having heard the parties and their attorneys and having reviewed the motion and response thereto, the Court is of the opinion that the motion be DENIED.

■ In Polk County, Texas, there are several thousand persons who have retired, or partially so, who call themselves the "Escapees," and who spend a large part of their lives traveling about the United States in recreational vehicles, but are registered to vote in Polk county. They allegedly maintain their domicile there, register their vehicles there, and (at the invitation of the county official in charge of registration of voters), have become registered voters in Precincts 19 and 20 of that county. The creation of Precincts 19 and 20 were pre-cleared upon application to the Attorney General of the United States by the proper county officials.

Fifty-seven days before the November 7, 2000, general election for national, state, and local offices, three persons challenged these voters, alleging the Escapees were not actual bona fide residents of Polk County, and sought to have their names expunged from the rolls of qualified voters. That turn of events gave rise to the case of *Curtis v. Smith* before this three-judge Court. The *Curtis* plaintiffs are members of the Escapees who purport to represent the interests of the approximately 9,000 members claiming Polk County residence. The defendant, Mr. "Bid" Smith, is the Polk County Tax Assessor–Collector and also, by statute, the county's registrar of voters. The three persons who submitted the challenges became intervenor-defendants in the case.

The three individuals had filed almost identical affidavits challenging, *en masse*, virtually all of the Escapees' residences in Precincts 19 and 20 of Polk County. Under the Texas law, the registrar was then required by the Texas Election Code, § 16.0921, to "promptly deliver to the voter whose registration is challenged a confirmation notice in accordance with Section 15.051." Section 15.052 provides the requirements of the confirmation notice, and further requires it include "a statement that, if the voter fails to submit to the registrar a written, signed response confirming the voter's current residence on or before the 30th day after the date the confirmation is mailed," such voter would be placed on a suspense list. The effect of such action was to place in jeopardy the ability of the frequently-traveling Escapees to either affirm their residency, and their right to vote in the November 7, 2000, election. The *Curtis* plaintiffs brought suit in federal district court asserting a violation of the Voting Rights Act of 1965, 42 U.S.C. § 1973, *et seq.*, and sought to enjoin the defendant Registrar from carrying out the confirmation procedure.

On November 3, 2000, we issued a preliminary injunction forbidding the Polk County officials from attempting to purge the voting rolls by using the method set forth in the Texas Election Code without first seeking pre-clearance from either the Department of Justice, or the United States District Court for the District of Columbia, on the grounds set out in Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. *See Curtis v. Smith*, 121 F.Supp.2d 1054 (E.D.Tex.2000). That order of this Court was not appealed, nor

has any official of Polk County sought pre-clearance with any entity. This Court "retain[ed] jurisdiction of this case for the entry of any further orders deemed necessary." *Id.* at 1063.

The election of November 7, 2000, included a large number of absentee ballots cast by the Escapees. They were presumptively qualified voters in that election because they had voter registration certificates. Among the losers in Polk County was the plaintiff in a pending election contest for Precinct 1 on County Commissioners' Court of Polk County. That state election contest is styled *Speights v. Willis,* Cause No. 18892 in the 258th Judicial District of Polk County. Having lost to Bob Willis, Commissioner B.E. "Slim" Speights timely brought that suit in accordance with TEX. ELEC. CODE § 232.008, contesting the results of that election in Precinct 1. He alleges that the large number of Escapees' absentee votes was the margin of defeat. Speights further alleges those absentee votes should be disallowed because they were cast by persons who were not bona fide residents of Precinct 1, Polk County, but who merely received their mail at that address and did not have their permanent dwelling place in Polk County, and that the address given by the Escapees was merely a "mail drop" of a forwarding service of which they availed themselves.

Plaintiffs in this case now, under the All Writs Act, 28 U.S.C. § 1651, seek to enjoin the contest from proceeding in the state court. In view of this Court's holding on November 3, 2000, absent either appeal or pre-clearance, the *Curtis* plaintiffs complain that in the *Speights* state court election contest plaintiff is seeking to do exactly what the *Curtis* plaintiffs here were

successful in stopping on November 3, 2000. The *Curtis* plaintiffs point out that counsel for the *Curtis* intervenor-defendants is now representing Mr. Speights in the state election contest.[1] On that basis, the *Curtis* plaintiffs claim that the parties with interest in both proceedings are attempting to gain by indirection what they did not obtain directly. In the first instance, the *Curtis* intervenor-defendants and their counsel had sought to declare the Escapees non-residents *en masse,* but failed to do so. Now, the *Curtis* plaintiffs claim, the same interested parties seek success by means of a transparent attempt to obtain the same result, i.e., to have the Escapees' votes discarded, because they were not qualified as bona fide residents of Polk County. The *Curtis* plaintiffs would thus have this federal Court exercise its rights under the All Writs Act to enjoin the state election contest, prevent the same issue from being relitigated and preserve this Court's earlier ruling.

Counsel for Mr. Speights, acting here as respondent to the *Curtis* plaintiffs' motion to enjoin the state election contest, resists plaintiffs' efforts, asserting that for this Court to enjoin the state court election suit would in effect require the Department of Justice's consent to file a plain vanilla election contest under the Texas Election Code.

We hold, however, the issues are different. In the first proceeding, we would not permit a late hour *en masse* challenge to remove 9,000 voters without some assurance the procedure used would reasonably notify the Escapees of the imminent jeopardy of losing their franchise. Here, there is notice and an opportunity to be heard and to benefit from their status as duly

---

1. We note that counsel for the *Curtis* plaintiffs is also defending the *Speights* election contest on behalf of Mr. Willis.

registered voters. Further, in the first proceeding, we found that the Escapees had been allowed to register to vote under the then existing prerequisites to do so, including state residency requirements. Those prerequisites had been pre-cleared by the Department of Justice. We held that to change those prerequisites would require a separate pre-clearance under Section 5 of the Voting Rights Act. Here, however, it appears that the *Speights* plaintiff does not seek to change the prerequisites for voting registration in Polk County. Instead, he challenges the actual residency of some number of individuals who belong to the Escapees' membership. He asserts that some number of the Escapees registered as voters in violation of the existing Texas residency requirements, and that "[t]he actions by these persons were intentional and unlawful." *See* Plaintiff's Motion for Preliminary Injunction, Exhibit A at 3 (reproducing Plaintiff's First Amended Original Petition in *Speights v. Willis* ). In effect, he argues that these individuals did not *intend* to be bona fide residents of Polk County for voting purposes.

■ The Texas Election Code establishes that a residence is a "domicile, that is, one's home and fixed place of habitation to which he intends to return after any temporary absence," and that residency for voting purposes is to be determined "in accordance with the common-law rules, as enunciated by the courts of this state . . ." Tex. Elec. Code § 1.015(a),(b). Texas common law requires some combination of physical presence and intention, established by circumstances and individual volition and actions, to determine residency. *See Harrison v. Chesshir,* 316 S.W.2d 909, 915 (Tex.Civ.App.—Amarillo, 1958) rev'd on other grounds, 159 Tex. 359, 320 S.W.2d 814 (1959); *Munson v. Milton,* 948 S.W.2d

813, 816 (Tex.App.—San Antonio 1997, writ denied).

As we noted in our previous Memorandum and Order of November 3, 2000, "precisely what constitutes Texas residency is not a controlling issue before this court," and that residency "remains an issue for the state of Texas to determine, either on the continued basis of its common law or through legislative enactment." *See Curtis* 121 F.Supp.2d at 1061.

Since Mr. Speights, and the parties with him, appear to be challenging individual voter registrations as a matter of those individuals' bona fide intent to obtain Texas residency in satisfaction of the Texas Election Code and Texas case law, such challenge properly belongs in the state court.

■ Unlike the earlier motion before us for preliminary injunction of the Polk County Registrar of Voters, which was necessarily decided under the movant's burden of proof by preponderance of the evidence, we note that the burden of proof in a Texas state election contest requires a higher standard, that of clear and convincing evidence. *See Lopez v. Sepulveda,* 2000 WL 1346990, at *1, (Tex.App.—Dallas Sept. 20, 2000, no writ) (holding that, at trial, an election contestant is required to show by clear and convincing evidence that illegal votes were counted and that not counting them would cause a different and correct result in the election); *Tiller v. Martinez,* 974 S.W.2d 769, 772 (Tex.App.—San Antonio 1998, writ denied w.o.j.); *Alvarez v. Espinoza,* 844 S.W.2d 238, 242 (Tex.App.—San Antonio 1992, writ dism'd w.o.j.).

Having identified the underlying controversy in *Speights v. Willis* as an election contest based upon an allegation of violations of state election law, rather than as a continuing violation of the Voting Rights Act, it is inappropriate for a federal court

to intervene. The law within the Fifth Circuit Court of Appeals "is and has been for almost three decades that claims premised on alleged violations of state election laws should be resolved in state courts." *See Casarez v. Val Verde County,* 16 F.Supp.2d 727, 731 (5th Cir.1998), citing *Hubbard v. Ammerman,* 465 F.2d 1169, 1176, 1181 (5th Cir.1972), *cert. denied,* 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272 (1973) (pointing out that federal courts do not intervene in state election contests for the purpose of deciding issues of state law, if no federal constitutional question is involved); *Welch v. McKenzie,* 765 F.2d 1311, 1316–17 (5th Cir.1985).

Because earlier we enjoined the Registrar from sending the confirmation notices to the Escapees without first pre-clearing that procedure in the appropriate manner, we are now required to determine whether an election contest under Texas law is the correct vehicle to contest the registration of Escapees, or more narrowly, the legality of the applications for registration underlying the various registration certificates.

Texas appellate cases indicate all aspects of the electoral process are fair game in such a suit. In *Atkinson v. Thomas,* 407 S.W.2d 234 (Tex.Civ.App.Austin 1966, no writ), the court approved the trial court's minute examination of evidence of residence of a number of individuals who were registered in Irion County, and whose place of residency was challenged. The appellate court recited those details and made holdings as to which votes were valid and invalid, and remanded with explicit instructions to the trial court the further task in reaching a correct result.

■ Pre-election and post election events are valid grounds in an election contest, and not limited to events on election day, or the accurate counting of ballots. *Cohen v. Clear Lake City Water Authority,* 687 S.W.2d 406 (Tex.App.— Houston [14th Dist.], 1985, no writ).

To cast a valid ballot, a person must file a registration certificate. Texas Election Code § 13.002 provides the application must include:

(6) a statement that the application is a resident of the county;

. . .

(10) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence ...

In *Rodriguez v. Thompson,* 542 S.W.2d 480 (Tex.Civ.App.El Paso 1976, no writ), the court also examined the underlying information in the voters' applications to determine whether actual residency claimed by a voter was correct, entitling the registered voter to cast a valid vote.

■ In sum, Texas law permits a contestant to examine in detail any and all specific facts in the entire electoral process which could determine the validity of the results of an election for a county office.

Whether plaintiffs in the election contest will or can succeed in the state district court by clear and convincing evidence that all, some, or enough Escapees who voted for Bob Willis, the ostensible present incumbent, were not actual bona fide residents of Polk County, is uniquely a question for the state courts of Texas. It is not for us to enjoin those state court proceedings.

It is, therefore,

ORDERED, that the Temporary Restraining Order we entered on May 23, 2001, is hereby dissolved. It is, further,

ORDERED, that Plaintiffs' Motion for Preliminary Injunction of a State Court Proceeding is hereby DENIED.