### W. J. MOORE v. THEO. F. BOYD.

Decided February 3, 1904.

**Deed—Parol Evidence.**

In conveyances of real estate parol evidence is not admissible to show that any other than the vendee named in the conveyance is bound as an undisclosed principal, even though he accepts the benefit. Following Sanger v. Warren, 91 Texas, 472.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*H. H. Mac Nicoll,* for appellant.

*Brockman & Kahn* and *William Sorley,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was instituted October 8, 1902, by the appellee, Theo. F. Boyd, to set aside as to him a judgment rendered March 4, 1902, in favor of the appellant, W. J. Moore, in cause No. 31,841 in the District Court of Harris County.

The grounds averred as constituting the right to the relief sought were in substance that in the last named cause the plaintiff therein was under the facts of his case entitled, as against Boyd, to no more than a foreclosure against the land owned by him and not to a personal judgment for any sum. That the attorney for the plaintiff therein advised Boyd that Moore was claiming no more, and that defendant Boyd need not employ a lawyer nor go to the trouble of answering, he not desiring to resist the foreclosure. That relying upon the representation and being familiar with his rights, Boyd did not answer therein; whereupon Moore through his attorney did proceed to take a personal judgment against Boyd for the amount sued for, as well as a foreclosure, and is now seeking to enforce the same against him. That he, Boyd, did not discover the fact of its rendition until after the adjournment of the term at which it was rendered, wherefore he brings this suit.

Moore, as defendant in this suit, answered by general denial and pleaded among other things that Boyd had no defense to his claim for personal judgment against him in cause No. 31,841 and has shown none in this cause. That the suit in which such judgment was rendered was based upon vendor's lien notes executed by one Stille for part of the purchase money for certain lots in Texas City deeded to him by Moore. That Stille had no real interest in the transaction. That it was made entirely in the interest of Boyd, who paid the cash part of the consideration. That Boyd thereupon took a deed from Stille subject to the vendor's lien notes and thereby sought to avoid responsibility for the unpaid purchase money in case the lots, the value of which was

purely speculative, should fall in value. That by reason of these facts Boyd was the undisclosed principal in the transaction and liable on the notes with Stille, wherefore Moore was entitled to the judgment he recovered and the same should not be set aside, but that if the same should be set aside Moore is entitled to a like judgment in this cause.

A trial before the court without a jury resulted in a judgment in favor of Boyd according to the prayer of his petition and Moore has appealed.

The questions involving the rights of Moore under the facts alleged by him to exist are presented by appropriate assignments on this appeal. The facts is so far as they are established beyond controversy are as follows:

Moore, who resided in San Antonio, Texas, was the owner of certain lots in Texas City, Galveston County, Texas. He placed them with H. H. McNicoll of Houston, Texas, for sale. C. A. Elmen, a real estate dealer of Houston, went to McNicoll, induced him to put a price upon the lots and let him, Elmen, find a purchaser. Elmen then went to Boyd and sold the four lots to him at the aggregate price of $1950. As to the exact nature of this transaction the testimony is conflicting. According to Elmen's statement he went to Boyd and they agreed upon the price as above stated, and stipulating that the cash payment should be $400. He then suggested to Boyd that as the value of the lots was purely speculative he might not desire to become personally responsible for the deferred payments. They then agreed that Elmen would have the lots deeded to one Stille, who would execute the notes for the deferred payments, and that Stille would then deed the lots to Boyd by conveyances stipulating that the purchase was made by Boyd subject to the outstanding vendor's lien notes.

Boyd denied that Elmen told him who owned the lots and denied any knowledge of the transaction with Stille as stated by Elmen, but claims that he bought the property under the circumstances disclosed by the papers evidencing the transaction and not otherwise. The deeds and notes are as follows:

Two deeds from Moore to Stille dated January 8, 1900, acknowledged by Moore at San Antonio January 11, 1900. The first conveyed lots 15 and 16, in block 16, Texas City, reciting a consideration of $10, other considerations and two notes for $350 each, due respectively on or before two years.

The second conveyed to Stille lots 15 and 16, in block 17, Texas City, reciting a consideration of $10, other considerations and two notes for $400 due on or before two years. Neither of these instruments were recorded.

On January 12, 1900, C. G. Stille executed two deeds to Boyd conveying the four lots above mentioned, each reciting a consideration of $10 cash and other considerations, and further reciting that the lots were so conveyed "subject to vendor's lien notes outstanding" against them, describing the notes minutely and naming Moore as the holder and payee. Boyd paid the cash payment of $400, and it was turned

over by Elmen to McNicoll less commission upon delivery of the deed. Elmen in taking the lots for sale did not stipulate with McNicoll for any compensation, but the price named being net he secured his perquisites by adding them to the net price in making his terms of the sale and deducting them from the sum paid.

Stille paid no money on his purchase, received none from Boyd, and had no interest in the transaction. The inference is that he was an insolvent. The further inference that he was used as a mere go-between to enable Boyd to escape responsibility on the outstanding notes is inevitable, and this whether by the procurement of Elmen without Boyd's knowledge or with it.

It is also undisputed that neither Moore nor his agent McNicoll had any knowledge of the manner in which the transaction had been negotiated by Elmen, and that neither of them knew that Stille had no interest in the matter and made the transaction purely for Boyd's benefit.

It does not appear that Elmen's agency, if indeed he was Moore's agent in any sense, extended beyond the power simply to find a purchaser for the land.

The court below found as a fact conclusion that the conduct of McNicoll, Moore's attorney in cause No. 31,841, was of such a nature as to justify Boyd in failing to answer the suit. In the view we take of the case this finding is immaterial, hence we do not pass upon the assignments of error addressed to the sufficiency of the evidence to sustain it.

The court also found in substance that Elmen's testimony as to the facts attending the sale to Boyd was substantially true. He found further that Elmen in procuring the intermediation of Stille acted as Moore's agent, and that as the negotiation was conducted with a view to protecting Boyd against liability on the notes, and as Boyd neither signed them nor indorsed them nor in any way agreed to pay them, he can not be held liable. Thus did the court justify his judgment.

The proof is ample to support the finding that Stille was used simply to carry out the purpose to protect Boyd against responsibility. It is also true that Boyd neither signed nor indorsed the Stille notes, and instead of agreeing to pay them he, with the assent and active aid of Elmen, sought to avoid their payment.

We think, however, the finding that Elmen was Moore's agent, at least in so far as he sought to give this form to the transaction, is absolutely without evidence to sustain it. He himself testifies that his principal as well as McNicoll were kept in ignorance of Stille's real relation to the sale, and no witness disputes it. If it be conceded that by the appointment of McNicoll he was Moore's agent to conserve the interests of his principal in the sale of the land, such agency can not be held to include acts in derogation if not in fraud of his principal's rights. His obligation as an agent was to find a purchaser. Stille-

was in no true sense a purchaser. He was a mere disinterested agent acting solely in the interest of Boyd.

It is true Stille is technically liable on the notes he executed, but the seller has the right to a purchaser who buys in fact and has the purpose at the time at least to meet his obligations. In this view Boyd was the real purchaser, the only beneficiary, and the findings of the court include a finding that Boyd had knowledge of Elmen's action in putting Stille between him and Moore and the purpose for which it was done. In acting for Boyd against the interest of his principal he was Boyd's agent, not Moore's, and had no power to bar the latter's rights.

The last mentioned finding of the court together with other undisputed proof establishes the fact that Boyd was the undisclosed principal in the entire transaction. He was the real purchaser and as such is responsible for the unpaid purchase money. Sessums v. Henry, 38 Texas, 37; Mechem on Agency, secs. 695, 696, 697, and 698.

The judgment of the trial court is reversed and judgment here rendered that appellant take nothing by his suit.

## ON MOTION FOR REHEARING.

GILL, ASSOCIATE JUSTICE.—At a former day of this term we reversed the judgment of the trial court in this cause and rendered judgment for appellant. This was done upon the theory that the findings of the trial court taken in connection with certain undisputed facts showed that Boyd had actively engaged with Moore's agent, Elmen, in giving the transaction a form detrimental to the interests of Elmen's principal, and therefore Boyd should be held as the sole beneficiary and undisclosed principal. 2 Texas Law Journal, 765, 9 Texas Ct. Rep., 157.

Appellee's counsel on motion for rehearing cite a line of authorities holding that in transactions involving the sale and conveyance of real estate one can not be held liable as an undisclosed principal unless it is further shown that the principal accepts the benefits of the transaction, and it is contended that such is not made to appear in this case.

Our conclusion can not be disturbed upon that ground, for in our opinion it is found by the court upon sufficient evidence that Boyd with knowledge of the facts became the sole beneficiary of the acts of Stille.

The case of Sanger v. Warren, 91 Texas, 472, goes further, however, and holds that the common law rule applicable to instruments under seal applies to conveyances of real estate, and that parol evidence is not admissible to show any other is bound than the vendee named in the conveyance.

The rule is announced without modification, and we are of opinion that the fact that Boyd actively joined with Elmen in his unauthorized

act to the detriment of his principal does not enable us to distinguish this case from the case cited.

The case was not called to our attention either in the briefs of counsel or on motion for rehearing, and in the consideration of the case on the first hearing escaped our attention.

In the main opinion we did not pass on the assignments questioning the sufficiency of the evidence to sustain the finding of the trial court that the judgment in cause No. 31,841 should be set aside in so far as it held Boyd personally on the vendor's lien notes, and it now becomes necessary for us to do so. We are of opinion the evidence upon the issue is sufficient, and no reversible error being disclosed in the record, the motion for rehearing is granted and the judgment affirmed.

*Rehearing granted; judgment affirmed.*

Writ of error refused.