W. G. FARRIER v. LEO HOPKINS ET UX.

No. 7012. Decided January 19, 1938.
Rehearing overruled February 16, 1938.
(112 S. W., 2d Series, 182.)

*J. A. Ward,* of Mount Pleasant, and *J. H. French, Hender-son & Bohn,* all of Daingerfield, for appellant.

A parol contract to convey, or to purchase, is not enforceable even when the party agreeing to convey executes the written contract and tenders it to the other contracting party, unless said writing is signed by the vendor and accepted by the other contracting party, and in the absence of such allegation its delivery is not binding. Clegg v. Brannan, 111 Texas 367, 234 S. W. 1076; Moore v. Powell, 25 S. W. 474; Allen v. Allen, 101 Texas 362, 107 S. W. 528.

*Thos. W. Thompson,* of Greenville, and *Wilkinson & Wilkerson,* of Mount Vernon, for appellees.

Parol evidence may be introduced to show title in favor of unnamed person to real estate, conveyed by an instrument in writing. 20 Tex. Jur. 269; Stillman v. Hirsch, 128 Texas 359, 84 S. W. (2d) 501; San Jacinto Trust Co. v. Goodwin, 88 S. W. (2d) 526.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

We need not copy the certificate of the Court of Civil Appeals in full, but state the substance of same.

On January 31, 1928, Leo Hopkins and wife executed a deed to Jim McCollum conveying a lot of land in town of Omaha, Texas. The recited consideration was $100.00 in cash, and the execution by McCollum of six vendor's lien notes, payable to Leo Hopkins, and running over a period of six years. Default having been made in the payment of the last five of said notes, Hopkins and wife instituted this suit thereon against Jim McCollum and also against appellant W. G. Farrier. In order to hold Farrier liable upon the notes, appellees Hopkins and wife alleged and were allowed to prove a parol agreement in substance as follows: That the real agreement of sale was made between appellees and Farrier, who at the date of the deed was in possession of the property conveyed; that McCollum never in fact contracted or agreed to purchase the property; that Farrier requested the deed to be made to McCollum as grantee, and that McCollum executed the purchase money

notes in order that Farrier's credit might not be affected by the outstanding indebtedness; that Farrier agreed to pay the notes according to their terms; that McCollum was not to pay any part of the purchase money. It was further shown that Farrier paid the cash consideration of $100.00; that he paid interest on the notes for some time, and that he paid note No. 1 of the series. About thirty days after the execution of the deed by appellees to McCollum, Farrier took a deed from McCollum to the property. This conveyance contained a recital as follows: "That said W. G. Farrier does not assume payment of the above notes, and it is optionary with him whether or not he takes care of them." After receiving the deed from McCollum, Farrier remained in possession of the property for some years. He is not resisting foreclosure of the lien, but is resisting personal liability on the notes. The jury found that at the time of the execution of the notes or just prior thereto W. G. Farrier agreed with Leo Hopkins that he would pay the notes according to their terms.

The Court of Civil Appeals has certified to the Supreme Court the following questions:

"QUESTION 1: Was the parol evidence admitted to show Farrier's connection with this transaction and his liability for the payment of the notes admissible over the objection that such evidence contradicted, varied and added to the terms of the written contract as expressed in the deed and notes?

"QUESTION 2: Was the parol evidence admissible to prove the alleged agreement between Farrier and Hopkins, over the objection timely made by Farrier that same was inhibited by Section 4, Article 3995, R. S.?

"QUESTION 3: Was parol evidence admissible to prove the alleged agreement between Farrier and Hopkins over the objection timely made by Farrier that same was inhibited by Section 5, Article 3995, R. S?"

It is undoubtedly a rule of law of ancient standing that as to instruments which at common law were required to be executed under seal, such as a deed of conveyance of real estate, and as to negotiable instruments, no one other than the vendee or payor named in the instrument can be held liable on its covenants. The covenants are those created by the instrument itself, and are necessarily limited to those who are on the face of same parties thereto. They cannot be made the obligation of some one not a party by extrinsic proof, regardless of what are the real facts. It follows therefore that in a

suit upon the written instrument, parol proof is not admissible to show liability of a third person not named therein, because, if permissible, liability would necessarily be predicated upon something other than the written instrument. As to attempts to impose liability upon undisclosed principals, this seems to be the basis of the rule of nonliability, and therefore it is not improper to say that the parol evidence is inadmissible because it is an attempt to add to the terms of a written instrument.

In addition, as to attempts to enforce liability against a disclosed principal, as in this instance, there seems to be another insurmountable objection. In such event the beneficiary of the obligation can proceed against the grantee or one signing the instrument alone, because he is held to have elected to rely upon the obligation of the grantee or maker of the note. In such cases it may not be improperly said that parol proof to show liability of the real principal is inadmissible because tending to add to or alter the terms of the written instrument. The following cases decidedly support the foregoing conclusions: Heffron v. Pollard, 73 Texas 96; Sanger v. Warren, 91 Texas 472; Moore v. Boyd, 79 S. W. 647 (writ refused); Manley v. Noblitt, 180 S. W. 1154 (writ refused); Tuthill v. Wilson, 90 N. Y. 423. In the case of Burnett v. Atterberry, 105 Texas 119, the Supreme Court reaffirmed the holding of Sanger v. Warren in these words: "Whatever may be the general rule of law authorizing the election of proceedings against the undisclosed principal in a contract made by his agent, the rule is not applicable to conveyances of real estate and *obligations given for the payment of the purchase money.*"

So, if this action be regarded as an effort to enforce obligations evidenced by the transactions as a whole, the parol evidence was not admissible for the reasons stated above.

It appears, however, that this is primarily a suit upon the vendor's lien notes, which were negotiable. By Section 18 of Article 5932 of the Revised Statutes of 1925, it is provided that "no person is liable on the instrument whose signature does not appear thereon." This is but a declaration of practically universal law. In the case of Texas L. & C. Co. v. Carroll, 63 Texas 48, it was said:

"The general rule is that an agent should execute a contract in the name of his principal, and in reference to negotiable instruments it is well settled that no one can be charged thereon unless his name appears as a party to the paper in some relation. Daniels on Neg. Inst., 303.

"This rule, however, in reference to negotiable paper, arises from the nature of such paper and the uses for which it is intended.

"Such paper is expected and intended, if it be necessary or convenient for the holder to do so, to be transferred and to pass into the hands of various persons, and for the security of all who may deal with it, it is necessary that it should show upon its face the liability of every person who is bound for its payment; for it is upon what appears from the paper to be the true relation of persons to it that successive holders contract."

Because, therefore, the obligations of a negotiable note are by law limited to the maker thereof, liability on the part of one whose signature does not appear thereon cannot be created by parol evidence. Parol proof becomes immaterial and of no probative force. Austin Bros. v. Patton, 294 S. W. 537. It is not improper, however, to say that the evidence is inadmissible because it tends to vary or add to the terms of the written instrument by substituting the liability of a party whose signature does not appear thereon for that of the maker, or as a comaker. Watson v. Miller Bros., 82 Texas 279; Dolson v. De Ganahl, 70 Texas 620; Manley v. Noblitt, supra.

We therefore answer to Question No. 1 that the parol evidence admitted to show Farrier's connection with this transaction and his liability for the payment of the notes was not admissible over the objection that such evidence contradicted, varied and added to the terms of the written contract as expressed in the deed and notes. This makes it unnecessary to answer the other questions.

Opinion adopted by the Supreme Court January 19, 1938.

Rehearing overruled February 16, 1938.