**J. D. MARTIN, III, Appellant,**

v.

**The COMMERCIAL NATIONAL BANK OF BRADY, Appellee.**

No. 13083.

Court of Civil Appeals of Texas, Austin.

April 2, 1980.
Rehearing Denied May 7, 1980.

**34**

Terence A. Willis, Minten, Willis & Mastin, San Antonio, for appellant.

Sam McCollum, III, Brady, for appellee.

PHILLIPS, Chief Justice.

The question before us is whether a suit upon a renewal note of a previous loan made for the purpose of purchasing goats comes within the purview of Tex.Rev.Civ. Stat.Ann. art. 1995(5)(b) (Supp.1980).

Appellee, the Commercial National Bank of Brady (hereinafter called "the bank"), sued appellant, J. D. Martin, III, in the district court of McCulloch County on a promissory note. Martin filed his plea of privilege to be sued in Jefferson County, the county of his residence, asserting that this action was controlled by Art. 1995(5)(b). The bank filed its controverting affidavit, asserting that Art. 1995(5)(a) controlled venue, in that the appellant contracted in writing to pay the note in Brady, McCulloch County, Texas. The trial court heard the evidence and overruled the plea of privilege. Appellant complains on appeal that the trial court erred in overruling the plea of privilege.

We affirm the judgment of the trial court.

On June 19, 1975, the appellee bank loaned $40,000 to La Chula Cattle Company, a partnership composed of appellant and two others. The partnership borrowed the money to purchase goats, which were purchased for the purpose of raising other goats and to grow mohair. In a letter dated June 5, 1975, John W. Jones, president of the bank, acknowledged that the intended purpose of the loan was for the purchase of goats. The note was renewed several times by the partnership, and the promissory note upon which this suit is based is the last note executed to extend the original debt.

This last note was mailed to appellant to be executed by him as one of the members of the partnership. He notified the bank that the partnership was defunct. He then struck out the name "La Chula Cattle Company," substituted the name "J. D. Martin" as borrower, and returned the note to the bank signed by "J. D. Martin." This note, as did all the others, provided for performance in McCulloch County, Texas.

Subdivision 5(b) of Art. 1995 provides as follows:

"(b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision."

Appellant maintains that subdivision 5(b) applies because: (1) this is a suit by a creditor based upon a contractual obligation to pay money; (2) the contractual obligation arose out of or was based upon a consumer transaction for a loan or exten-

sion of credit; and (3) the loan was intended and the proceeds were primarily used for agricultural purposes. Appellant concludes that venue is proper in Jefferson County because he signed the contract in that county, and that the invocation of subdivision 5(b) invalidates the effect of Art. 1995(5)(a). We disagree with this contention for the following reasons.

It is disputed whether the note in this case was a renewal of an earlier note. We are of the opinion that it is not essential to classify the note as a "renewal," for, although the intention of the partnership was to purchase goats with the proceeds of the first note, the effect of this last note was merely to extend the time for repayment of the obligation and to substitute appellant as payor.

The pertinent language of subdivision 5(b) of Art. 1995 provides: "In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought . . ." The key words above are "suit . . . upon or by reason of such obligation." In the instant case, the suit is not based upon the first note executed by the partnership,[1] but upon a renewal of that note.

An agreement to extend the time for payment of a negotiable instrument constitutes a new contract between the parties. In order to constitute a valid enforceable contract of extension, the agreement must be supported by a valid consideration and the duration of the extension must be for a definite period. *Mabry v. Abbott*, 471 S.W.2d 442 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); *Sonfield v. Thomas*, 424 S.W.2d 250 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.); *Tolbert v. McSwain*, 137 S.W.2d 105 (Tex.Civ.App.—El Paso 1939, no writ).

We hold that the suit in this case is upon the renewal note, the purpose of which was to extend the time for payment of the previous obligation. Thus, it was not a loan intended primarily for agricultural use.

The judgment of the trial court is affirmed.

---

1. We do not reach the question whether the original loan for the purchase of goats was a loan intended for agricultural purposes.