Jose Guadalupe **GONZALEZ**, et ux, Appellants,

v.

**CITY OF MISSION**, Texas, Appellee.

No. 1723.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Rehearing Denied Sept. 17, 1981.

George Powell, Texas Rural Legal Aid, Inc., Edinburg, for appellants.

H. H. Rankin, Jr., Sara Nell Langland, Rankin & Kern, Inc., McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of an order granting a summary judgment in favor of appellee, City of Mission (defendant) against appellants, Jose Guadalupe Gonzalez, et ux (plaintiffs). The appellants brought suit for contractual damages arising out of a breach of a fiduciary duty and/or for breach of a contract damaging appellants, who allegedly were third party beneficiaries. The contract on which both causes of action are based was a federal grant agreement between the City of Mission and the Department of Housing and Urban Development, which provided persons in a category such as were the appellants with housing through a rehabilitation project. We affirm.

A review of the pertinent facts reflects the following. The City of Mission, Texas, through its council and mayor, applied for urban rehabilitation funds on March 1, 1977, with the Department of Housing and Urban Development (HUD) under the Community Development Block Grant Program designed to provide low and moderate income families with new or rehabilitated housing. On June 24, 1977, HUD approved the City's application for the program. Under the "Grant Agreement" between the City and HUD, the city received funds to dispense to a designated class of low-income citizens in specifically designated housing areas in need of rehabilitation. The City also promised to provide relocation assistance programs to the recipients of the grants.

Jose Gonzalez and his wife, appellants, lived in an area targeted for rehabilitation in the City of Mission. On April 21, 1977, they submitted their application to the City for rehabilitation funds. On May 11, 1977, the Housing Advisory Commission approved a grant to the appellants in the amount of $9,000.00. The City Council approved this grant on June 8, 1977. Instead of refurbishing their old home, the appellants, on February 17, 1978, agreed to sell their old house and assign the proceeds, $12,000.00, to Alamo Builders for the purpose of constructing a new house under the HUD program. On March 15, 1978, the appellants entered into a construction contract with Alamo Builders in the amount of $21,750.00 for their new home.

The City of Mission was not a party to the construction contract between Alamo and the appellants. Representatives of the City, however, were present during at least

one of the negotiations for the contract, and it was the City's duty to periodically check the construction site to assist the families in any way that they could. The City, in its role as administrator of the program, served as disbursing agent for the HUD grants.

The contractor in charge for Alamo Builders, Fred De Leon, completed the project on or about May 15, 1978. Funds were disbursed by the City in a check made payable to the appellants and De Leon at this time. Prior to the date of completion of the house, however, De Leon obtained interim financing with a local bank for construction of the house, which the City was unaware of. He also convinced the appellants to sign a mechanic's and material-man's lien on the house in his favor. De Leon assigned to the Bank this same mechanic's and materialman's lien given by the appellants, thereby giving the Bank a first lien on the property to secure their interim construction note of $21,000.00. Instead of paying off the bank note with the money he received from the City from the sale of the appellants' first home ($12,-000.00) and the grant money ($9,000.00), De Leon used the money to pay off the accounts of his suppliers.

The interim financing note at the Bank, which should have been paid off by De Leon after he completed construction, came due the first part of July, 1978. De Leon could not pay off the note, so the Bank foreclosed on its lien and proceeded with a trustee's sale of the new home. Appellants, who were occupying their new home, were evicted by the Bank during the foreclosure sale. Neither De Leon or the appellants had the necessary funds to pay off the bank note. In summary, appellants, believing that they could obtain a new home with federal financial assistance, ended up without any home whatsoever.

The appellants brought suit against Fred De Leon, d/b/a Alamo Builders, the Bank, and the City of Mission. In the suit against De Leon based on fraudulent misrepresentation, the trial court entered a summary judgment in favor of the appellants for full

damages. As to the role of the Bank in causing the appellants' damages, the trial court granted a nonsuit. As to the City of Mission, the appellants asserted two theories of recovery: 1) the City, through either implied or apparent agency in dealing with De Leon, breached a fiduciary duty owed the appellants; 2) appellants, as third party beneficiaries of the contract between the City and HUD, have standing to bring suit for breach of the contractual obligation to provide housing for low-income families. It is this suit which is the subject of this appeal.

In response to these causes of action, the City filed its motion for summary judgment on three grounds: 1) the appellants did not comply with the notice requirement of the City Charter; 2) no employee of the City had the authority to act as an agent or in a fiduciary capacity towards the appellants; 3) the appellants are not in the position of third party beneficiaries to the contract between the City and HUD. The trial court granted the City's motion for summary judgment.

■ In review of a summary judgment, the appellate court must ascertain whether the movant has established his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The trial court in this case could have granted summary judgment on any one of the three theories raised by appellee in its motion for summary judgment if evidence was presented to support its defense as a matter of law. See *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972); *Kenney v. Porter,* 557 S.W.2d 589 (Tex.Civ.App.—Corpus Christi 1977, no writ).

■ About the first ground for summary judgment, the Charter of the City of Mission, relied on by the appellee, contains the following requirements:

"Section 11.07—Special Provisions Covering Damage Suits. Before the city shall

be liable for damage on a claim or suit for personal injury, or damage to property, the person who is injured, or whose property is damaged, or someone on his behalf, shall give the City Manager or the person performing the duties of the City Secretary, notice in writing within 30 days after the occurrence of the alleged injury, or damage, stating specifically in such notice, when, where and how the injury or damage was sustained, and setting forth the extent of the injury or damage as accurately as possible, and giving the names and addresses of all witnesses upon whose testimony such person is relying to establish under oath. No action at law for damages shall be brought against the City for personal injury or damage to property prior to the expiration of 60 days after the notice hereinabove described has been filed with the City Manager or other person performing the duties of City Secretary, and not later than one year after the occurrence of the injury or damage to the property. In case of injuries resulting in death, before the City shall be liable in damages therefor the person or persons claiming such damages shall within 30 days after the death of the injured person give notice as above required in case of personal injury. Provided, however, that nothing herein contained shall be construed to mean that the City of Mission waives any rights, privileges, defenses, or immunities in tort actions which are provided under the common law, and the Constitution and General Laws of the State of Texas."

Appellees urged the trial court to grant a summary judgment because the appellants failed to give the City notice of their damages within 30 days after the occurrence of the alleged injury. In support thereof, affidavits were filed by various members of the City staff that they had not received any notice of damages.

Notice requirements, such as the one in question in this case, are designed to give the City an opportunity to investigate incidents resulting from some tortious conduct on the part of representatives, employees, or officers of the City. *Artco-Bell Corporation v. City of Temple*, 616 S.W.2d 190 (Tex.1981); *McDonald v. City of Houston*, 577 S.W.2d 800 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *City of Austin v. Selter*, 415 S.W.2d 489 (Tex.Civ. App.—Austin 1967, writ ref'd n.r.e.). These types of notice requirements have been held to be constitutional. *Brantley v. City of Dallas*, 498 S.W.2d 452 (Tex.Civ.App.— Eastland 1973, writ ref'd n.r.e.), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880. But the application of this notice requirement does not encompass causes of action based on contract. The underlying necessity of prompt notification of claims is not present in damages resulting from contractual claims. Therefore, there was no requirement for the appellants in this case to file their notice of damages with the City since their damages resulted from contractual duties rather than tortious acts. Summary judgment could not have been granted properly by the trial court based on this lack of notice theory of recovery.

■ The second ground upon which the trial court could have properly granted the summary judgment is that of the absence of a fiduciary relationship between the City and the appellants. A fiduciary relationship generally arises over a long period of time when parties have worked together towards a mutual goal, e.g., joint adventurers, partners, attorney-client, and close family relationships. *Consolidated Gas & Equipment Co. v. Thompson*, 405 S.W.2d 333 (Tex.1966). Such relationships infer fiduciary responsibilities as a matter of law due to the degree of confidence and trust inherent in the relationship. A fiduciary relationship may also arise from moral, social, domestic, or purely personal relationships if confidentiality, trust, and reliance are present. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962).

To establish such a fiduciary relationship, the evidence must conclusively show that the dealings between the parties have continued for such a period of time that one party is justified in relying on the other to

act in his best interest. *Thomson v. Norton*, 604 S.W.2d 473 (Tex.Civ.App.—Dallas 1980, no writ). In the case before us, the summary judgment proof establishes as a matter of law that no such relationship existed.

The relationship between the City and appellants was not one based on trust or with a long history behind it. The City sought and obtained federal funds for its citizens to use to rehabilitate their houses. The appellants applied for and received such funds, then separately contracted with a builder to construct a new home. The City did not agree to maintain supervisory control over construction, nor regulate the financial affairs of the builder.

Furthermore, the City did not require the appellants to sign a mechanic's and materialman's lien. Nor did the City take the position that they were legal counsel to the appellants, advising them as to their rights under the contract and liens. "Parties to a contract have an obligation to protect themselves by reading what they sign." *Thigpen v. Locke*, supra. The trial court properly granted summary judgment on this ground that no fiduciary relationship existed between the City and the appellants.

The trial court could have also properly granted a summary judgment on the theory that the appellants were not third party beneficiaries to the contract between the City and HUD. It is well-settled law that a party may sue to enforce a contract as a third party beneficiary if the contracting parties clearly intended that the contract benefit that third party. *Corpus Christi Bank and Trust v. Smith*, 525 S.W.2d 501 (Tex.1975); *House of Falcon, Inc. v. Gonzalez*, 583 S.W.2d 902 (Tex.Civ. App.—Corpus Christi 1979, no writ); *Knight Const. Co. v. Barnett Mortg. Trust*, 572 S.W.2d 381 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Woodard v. Marathon Le Tourneau Co.*, 570 S.W.2d 552 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Suthers v. Booker Hospital District*, 543 S.W.2d 723 (Tex.Civ. App.—Amarillo 1976, writ ref'd n.r.e.). No such showing has been made in this case.

The contract between the City and HUD clearly shows that it was designed to assist a broad class of people, not just one individual family.

In summary, the trial court's action in granting the summary judgment can be sustained on either of two theories: 1) the absence of a fiduciary relationship between the City and the appellants, or 2) the lack of standing of appellants to challenge the federal contract with the City as third party beneficiaries.

The judgment of the trial court is affirmed.