William G. PRIEST and William G. Priest, Jr., Appellants,

v.

FIRST MORTGAGE COMPANY OF TEXAS, INC., Appellee.

No. 04–81–00366–CV.

Court of Appeals of Texas, San Antonio.

Sept. 14, 1983.

Rehearing Denied Oct. 18, 1983.

Tuck Chapin, San Antonio, for appellants.

Ronald B. King, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a summary judgment in a usury suit. The original promissory note was executed by the American Manufactured Homes, Inc. by and through William G. Priest, President and by both appellants individually. The principal amount of $79,675.00 carried an interest rate of 8% per annum due and payable in six months. The note was renewed on six different occasions. The interest rate was increased on each renewal, the last being 13½%. The note extensions were signed

American Manufactured Homes, Inc.
by: (s)W.G. Priest
W.G. Priest

Appellants alleged that the appellees charged them a usurious rate of interest as individuals in violation of TEX.REV.CIV. STAT.ANN. art. 5069–1.02 (Vernon 1971). Appellees filed a motion for summary judgment claiming the note extension agreements were executed by the American Manufactured Home Corporation alone and not by the Priests individually. The interest rate charged would not be usurious as to the corporation.[1] Appellants filed an answer to the motion for summary judgment contending that they had signed the original note as co-makers and that they had an oral agreement with the Mortgage Company that they would also be liable as individuals on the note extensions. The trial court granted the appellee's motion for summary judgment.

Appellants' four points of error allege that the trial court erred in granting appellee's motion for summary judgment because a genuine issue of material fact existed as to whether the manner in which the note extension agreements were signed had the effect of creating a charge of or contract for usurious interest for the Priests in their individual capacities. We do not agree.

When First Mortgage moved for a summary judgment on the cause of action alleged against it by the Priests, it assumed the burden of establishing by summary judgment proof that, as a matter of law, there was no genuine issue of material fact. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). First Mortgage, as the defendant, had the burden of showing by

---

1. The permissible corporate interest rate is 18% per annum. TEX.REV.CIV.STAT.ANN. art. 1302–2.09 (Vernon 1980).

uncontroverted evidence, that the Priests had no cause of action against it on the theory or theories alleged in their petition or that it had a complete affirmative defense to the cause of action. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Gonzalez v. City of Mission,* 620 S.W.2d 918, 920 (Tex. Civ.App.—Corpus Christi 1981, no writ). The standard of review for the court of appeals requires that we view the evidence in the light most favorable to the Priests and resolve against First Mortgage any doubt as to the existence of a genuine issue of material fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). The materiality of any factual issue is keyed to the elements of proof under the theory upon which the party relies.

■ The Priests assert that they proved a cause of action for usury. The essential elements of a usurious transaction are: 1) a loan of money; 2) an absolute obligation that the principal be repaid; and 3) the exaction of a greater compensation than allowed by law for the use of money by the borrower. *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). Appellee asserts that there was no exaction of a greater compensation than allowed by law since the corporation alone was liable on the extensions and not the Priests individually.

■ An agreement to extend the time of payment of a negotiable instrument constitutes a new contract between the parties. In order to constitute a valid enforceable contract of extension, the agreement must be supported by a valid consideration and the duration of the extension must be for a definite period. *Mabry v. Abbott,* 471 S.W.2d 442, 445 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); *Martin v. Commercial National Bank of Brady,* 598 S.W.2d 33, 35 (Tex.Civ.App.—Austin 1980, no writ). The execution of a renewal note is generally treated as a new contract, evidencing the existing debt. *Braugh v. Corpus Christi Bank & Trust,* 605 S.W.2d 691, 696 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). The only signature appearing on the exten-

sion notes was that of the corporation "by: W.G. Priest."

TEX.BUS. & COM.CODE ANN. § 3.401(a) (Vernon 1968) reads:

(a) No person is liable on an instrument unless his signature appears thereon.

In *Farrier v. Hopkins,* 131 Tex. 75, 112 S.W.2d 182 (1938) the court held that no one other than the vendee or payor named in the instrument could be held liable on the covenants of instruments which at common law were required to be executed under seal, such as a deed of conveyance of real estate and negotiable instruments. The covenants are those created by the instrument itself and are necessarily limited to those which are on the face of the instrument. They cannot be made the obligation of someone not a party by extrinsic proof, regardless of what are the real facts. *Id.* at 183. The court in *First State Bank of Riesel v. Dyer,* 248 S.W.2d 785, 788 (Tex. Civ.App.—Waco 1952), *aff'd,* 151 Tex. 650, 254 S.W.2d 92 (1953) held that since the note in question did not bear the signature of the appellee, he was not liable on the note. The court in *Dyer* relied on the *Farrier* holding that because the obligations of a negotiable note are by law limited to the maker thereof liability on the part of one whose signature does not appear thereon cannot be created by parol evidence. *Id.* The *Restatement (Second) of Agency* § 156 comment A (1958) concludes that in the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: The principal's name followed by the agent's name preceded by a preposition such as "by" or "per." We find no Texas cases that state that the use of the word "by" alone, without further words indicating agency or office, creates an agency relation in a signature situation such as the case at bar presents. However, given the circumstances surrounding the note extensions and signatures involved, we conclude that the use of the word "by" in the present case denotes an agency relationship.

We hold that the extension notes were signed by the corporation through its agent W.G. Priest, and the corporation alone was liable for the renewal notes. Therefore a usurious interest rate was not charged to the Priests since they did not sign the extension notes in their individual capacity. Appellant's points of error one through four are overruled.

The judgment of the trial court is affirmed.