**SUMMIT BANK, Appellant,**

v.

**THE CREATIVE COOK, et al., Appellees.**

No. 04–86–00325–CV.

Court of Appeals of Texas, San Antonio.

April 15, 1987.

Thomas D. Bracey, William G. Putnicki, San Antonio, for appellant.

Philip B. Hamner, San Antonio, for appellees.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Summit Bank (hereafter termed Summit) initiated proceedings against The Creative Cook (hereafter termed Creative) as a corporation, and William E. Harris and Barbara Harris (hereafter termed the Harrises) individually to recover the balance due on one certain promissory note in the original amount of $34,721.89 executed on December 14, 1984, by the Harrises as officers of Creative. Summit's original pleadings alleged individual liability on the note as to the Harrises because of an alleged guaranty agreement executed on the same date by the Harrises individually guaranteeing the payments. The Harrises responded with sworn denials of individual liability and that the note and guaranty agreement were executed by them only as agents of Creative. The case was set for trial on March 31, 1986. After announcements of ready for both sides, Summit submitted to the trial judge a request for leave to file Plaintiff's First Amended Original Petition. The motion was granted and the amended petition added *four* prior guaranty agreements, with dates and amounts as follows: April 10, 1983, $25,000.00; May 24, 1983, $10,000.00; August 31, 1983, $33,982.36; and July 9, 1984, $31,425.22.

The case was tried before the court, and the court rendered judgment for Summit against Creative on the balance due and owing on the note of December 14, 1984, post-maturity and post-judgment interest, and attorney fees. An amended judgment was entered on May 14, 1986, wherein the court found that the Harrises were not personally and individually liable as guarantors on the cause of action of the plaintiff. A limited appeal as to the individual liability of the Harrises is before this court.

Appellant's only point of error globally asserts that the trial court erred in finding that the Harrises have no individual liability under any of the continuing guaranty agreements executed and delivered to Summit.

 In argument, appellant weakly complains about the findings of facts and conclusions of law being filed late. However, appellant failed to file a motion to strike the findings of facts and cited them in his brief. A reviewing court will consider late filed findings of facts and conclusions of law where there has been no motion to strike. *City of Roma v. Gonzalez,* 397 S.W.2d 943 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). For purposes of judgment, the findings of fact by the trial court have the force and effect of a verdict by a jury. *Williams v. Planters' & Mechanics' National Bank of Houston,* 91 Tex. 651, 45 S.W. 690 (1898); *City of Ballinger v. Boyd,* 173 S.W.2d 363 (Tex.Civ. App.—Austin 1943, no writ). The findings of fact and conclusions of law in the case at bar support the judgment rendered.

Since the appellant does not challenge any of the finding of fact, we must conclude that his challenge is other than one of fact. He contends that "liability of the individuals [Harrises] for the indebtedness of the makers of the renewal note of December 14, 1984, is based upon the execution and delivery of a number of continuing guaranty agreements which were executed in connection with the original funding and subsequent extensions and renewals to a corporation [Creative]." Therefore, we deduce that appellant contends the trial court should have found as a matter of law that these guaranty agreements created the individual liability of the Harrises.

Summit's Vice-President, Mr. Frank Yost, testified that the only outstanding note involved and the only note made the subject of this suit was the note of December 14, 1984. Therefore, the prior notes associated with the prior guaranty agreements were discharged by the new note of December 14, 1984. The only note in the record is the note of December 14, 1984, together with the accompanying guaranty agreement of the same date. Both the note and guaranty agreement of December 14, 1984, were signed as follows:

Promissory note:

The Creative Cook, Inc.
by: /s/ William E. Harris, President
William E. Harris
/s/ Barbara Harris, Vice-President
Barbara Harris

Guaranty agreement:

The Creative Cook, Inc.
/s/ William E. Harris, President
William E. Harris
/s/ Barbara Harris, Vice-President
Barbara Harris

The note and guaranty agreement of December 14, 1984 are clear and unambiguous instruments executed by the Harrises as agents and on behalf of Creative. This is uncontradicted. No other notes are a part of the record, but the following prior guaranty agreements are included:

1. Guaranty Agreement dated April 10, 1983, in the amount of $25,000.00 signed by the Harrises individually.

2. Guaranty Agreement dated May 24, 1983, in the amount of $10,000.00 signed by the Harrises individually.

3. Guaranty Agreement dated August 31, 1983, in the amount of $33,982.36 signed by the Harrises individually.

4. Guaranty Agreement dated July 9, 1984, in the amount of $31,425.22 signed by the Harrises on behalf of Creative.

 The foregoing guaranty agreements were associated with the prior notes which had been replaced with the note of December 14, 1984. The notes of April 10, 1983 and May 24, 1983 were consolidated into the note of August 31, 1983, which was renewed in the note of July 9, 1984. The note of July 9, 1984 was renewed by the note in question of December 14, 1984. Appellant now contends that these prior guaranty agreements, as a matter of law transform the guaranty agreement of December 14, 1984, from a clear and unambiguous act of the Harrises on behalf of Creative to an individual act on their own behalf. We disagree.

The Statute of Frauds, TEX.BUS. & COM.CODE ANN. § 26.01(a) and (b)(2) (Vernon 1968) and (Vernon Supp.1986–1987), provide:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

(2) a promise by one person to answer for the debt, default, or miscarriage of another person....

TEX.BUS. & COM.CODE ANN. § 3.401(a) (Vernon 1968) reads:

(a) No person is liable on an instrument unless his signature appears thereon.

An agreement to extend the time of payment of a negotiable instrument constitutes a new contract between the parties. *Priest v. First Mortgage Co. of Texas, Inc.*, 659 S.W.2d 869 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). The execution of a renewal note is generally treated as a new contract, evidencing the existing debt. *Id.* at 871; *Braugh v. Corpus Christi Bank & Trust*, 605 S.W.2d 691, 696 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). A guarantor's obligation should not be extended by implication beyond the written terms of the agreement, and any ambiguity should be construed in favor of the guarantor. *Thompson v. Preston State Bank*, 575 S.W.2d 312 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Commerce Savings Association of Brazoria County v. GGE Management Co.*, 539 S.W.2d 71, 78 (Tex.Civ.App.—Houston [1st Dist.] 1976), *modified and aff'd*, 543 S.W.2d 862 (Tex.1976). Any ambiguity in a guaranty agreement should be construed most strongly against the party who selected the language. *Thompson* at 315; *Monesson v. Champion International Corp.*, 546 S.W.2d 631 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). We hold that the guaranty agreement of December 14,

1984, is a clear and unambiguous act of the Harrises on behalf of Creative, and that the same is a new complete guaranty agreement in itself. Under the circumstances of the case, the Harrises have no individual liability.

Appellant's reliance on *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), *Reece v. First State Bank of Denton*, 566 S.W.2d 296 (Tex. 1978), and *Houston Furniture Distributors, Inc. v. Bank of Woodlake, N.A.*, 562 S.W.2d 880 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ), is misplaced.

In *Houston*, the guaranty agreement clearly established the intent of the parties to continue to guarantee *"all indebtedness then or thereafter"* owing by the principal debtor to the bank. There was also no evidence of any revocation or that the guaranty agreement was no longer effective. The case at bar differs substantially in that the intent of the parties to permanently continue to guarantee individually is not clear in the initial guaranty agreement, and subsequent guaranty agreements changed the manner of liability of the guarantors twice, thereby providing evidence both of revocation of individual liability and that the initial individual guaranty agreements were no longer effective.

In *Hercules*, the guaranty letter "unconditionally guaranteed payment of *whatever* amount the said Hercules Exploration, Inc. shall *at any time* owe to the said Halliburton Co." and provided for an "open and continuing guarantee." No evidence was presented that the guaranty agreement was ever revoked or that it was no longer effective. In the case at bar the guaranty agreements were not unlimited in amount and time, and the manner of liability was changed twice by the last two guaranty agreements, thereby providing evidence both of revocation of individual responsibility and that the initial individual guaranty agreements were no longer effective.

In *Reece*, the guarantee agreement bound the guarantor to *"any indebtedness ... of said debtor ... whether due or to become due*, and whether now existing or

*hereafter arising* " and "by all terms and conditions in any note or notes signed *or to be signed* by said debtor, *making myself a party thereto."* There was no evidence that the guaranty agreement was ever revoked or that it was no longer effective. The case at bar differs in that the guaranty agreements were not unlimited in amount and time, and evidence indicated subsequent revocation of the individual responsibility of the Harrises and that the individual responsibility was no longer effective.

In affirming *Reece,* 566 S.W.2d at 296, the Supreme Court of Texas made the following observations:

> We agree that a guarantor may require that the terms of his guaranty be strictly followed and that he is not bound by a new or different contract. The rule of strictissimi juris applies so that the guaranty agreement is strictly construed and may not be extended beyond its precise terms by construction or implication. *McKnight v. Virginia Mirror Co.,* 463 S.W.2d 428 (Tex.1971); *Jarecki Mfg. Co. v. Hinds,* 295 S.W. 274 (Tex.Civ.App.—Eastland 1927), *writ dism'd.* 6 S.W.2d 343 (Tex.Comm'n App.1928, judgmt adopted).

*Id.* at 297.

The judgment of the trial court is affirmed.

BUTTS, Justice, concurring.

In concurring, I agree with the unchallenged findings of fact, the first that "the only guaranty agreement applicable to the note sued upon is the December 14, 1984, guaranty agreement, and that all prior guaranty agreements had been abandoned and superseded by such December 14, 1984, guaranty agreement." A further finding was that "the only currently effective note and guaranty agreement at the time of trial were those which Summit Bank originally sued upon, to-wit: the December 14, 1984, note and guaranty agreement of the same date, and that both were executed by the corporation only, and not by the Harrises in their individual capacities." Thus, the court concluded that the

corporation was liable to the Bank and that the individuals had no liability.