The FEDERAL DEPOSIT INSURANCE
CORPORATION, Appellant,

v.

K–D LEASING CO., Glyn L. Day, Jr.,
and William Duff, Appellees.

No. 08–87–00154–CV.

Court of Appeals of Texas,
El Paso.

Jan. 20, 1988.

Beth A. Kramer, FDIC, Legal Div., Millard O. Anderson, Midland, for appellant.

Jack Q. Tidwell, Walter A. Locker, III, McMahan, Tidwell, Hansen & Atkins, P.C., Odessa, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

The Federal Deposit Insurance Corporation (FDIC) sued on a series of promissory notes. After a bench trial, the FDIC obtained a judgment against K–D Leasing Co. and Glyn L. Day, Jr., jointly and severally, but received a take nothing judgment as to William Duff. FDIC appeals from the take nothing judgment as to William Duff. We affirm the judgment of the trial court.

The National Bank of Odessa (NBO) was the original holder of the notes which FDIC acquired as a result of the insolvency and ultimate closing of NBO. The notes in question were prepared by NBO on a pre-printed form and concerned loans made to K–D Leasing Co.

The notes signed by Duff contain the following matters at the bottom right side of the notes that usually contain blanks customarily reserved for signatures:

(1) Fourth note:

K–D Leasing
By: /s/ Glyn L. Day,
/s/ Dub Duff
By:

(2) Fifth note:
FINANCIAL STATEMENT    K–D LEASING
By: /s/ Dub Duff

"K–D Leasing" and "By" were typed on the notes by NBO.

After hearing evidence, the trial court made findings of fact and conclusions of law. Some of those findings of fact that the trial court made were as follows:

(1) That K–D Leasing Co. was a Texas Corporation.

(2) That Duff signed the notes solely as a representative of K–D Leasing Co. and not in his individual capacity.

(3) That William Duff was authorized by K–D Leasing Co. to sign the notes on its behalf.

(4) That the proceeds of the notes were paid by NBO to K–D Leasing Co.

(5) That Duff did not receive any portion of the proceeds of the notes.

(6) That FDIC made no demand for payment on Duff for payment of the notes.

(7) The notes were prepared by NBO.

(8) That Duff disclosed to NBO that he was signing the notes as a representative of K–D Leasing Co. and not in an individual capacity.

The trial court thereafter in its conclusions of law found that Duff signed the notes solely as a representative of K–D Leasing Co., and not individually and that Duff was not individually liable.

■ FDIC limits its attack to the conclusions of law reached by the trial court and does not attack the findings of fact by the trial court. Unchallenged findings of fact are binding on appeal if there is any evidence to support them. *Fuentes v. Garcia,* 696 S.W.2d 482, 484 (Tex.App.—San Antonio 1985, no writ). 4 McDonald 16.10 (revised 1984). We must indulge every legitimate conclusion favorable to those findings of fact. Such findings therefore constitute undisputed facts and are conclusive and binding on appellants as well as this Court. *Whitten v. Alling & Cory Company,* 526 S.W.2d 245 (Tex.Civ.App.—Tyler 1975, writ ref'd); *Curry v. E.E. Stone Lumber Co.,* 218 S.W.2d 293 (Tex.Civ.App.—El Paso 1948, writ ref'd n.r.e.). FDIC made no request for any additional findings.

Appellant, FDIC, in Point of Error No. One asserts that the trial court erred in not finding Appellee personally liable to FDIC on the promissory notes as a matter of law.

It was stipulated between the parties that the notes in question were not ambiguous.

■ This Court must determine whether or not the two promissory notes signed by Duff indicate that Duff signed them solely in a representative capacity, thereby exon-

erating him from any individual liability. Duff filed a verified answer in the case in which he asserted he was not liable in the capacity sued, and that he signed the notes in a representative capacity which he was duly authorized to do and disclosed to the lender that he was signing in a representative capacity and not individually. This is a defense of avoidance and, therefore, an affirmative defense under Rule 94, Tex.R. Civ.P. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974). Appellee Duff properly pled his affirmative defense.

In *Priest v. First Mortgage Company of Texas,* Inc., 659 S.W.2d 869 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.), the note was signed as follows:

> American        Manufactured
>       Homes, Inc.
> by:   /s/  W.G. Priest
>              W.G. Priest

The court held that the use of the term "By" before W.G. Priest's signature, indicated that Priest signed as an agent and only the corporation was therefore liable.

In *Griffin v. Ellinger*, 538 S.W.2d 97 (Tex.1976), the corporate officer signed a corporate check without showing the capacity in which he signed. The draft on its face did not show that Griffin had signed it in his representative capacity. The trial court decided against *Griffin* since the face of the draft did not show that Griffin had signed it in his representative capacity.

An instrument may disclose on its face that the signature was executed only in a representative capacity, even though the particular office or position of the signer is not disclosed thereon. *Griffin, supra,* at page 99.

We agree with the holding in *Priest, supra,* and with the Restatement (Second) of Agency sec. 156, where under comment (a), it is stated, "[i]n the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: The principal's name followed by the agent's name preceded by a preposition such as 'by' or 'per'; ...."

In construing a contract all language is presumed to have some meaning and is not regarded as surplusage. *R.H. Sanders Corporation v. Haves,* 541 S.W.2d 262 (Tex.Civ.App.—Dallas 1976, no writ). We therefore hold that the representative capacity of the signer, William "Dub" Duff, was apparent from an examination on the face of the notes without resorting to parol evidence.

Point of Error No. One is overruled.

The judgment of the trial court is affirmed.